A89A2170. GAITHER v. THE STATE.
(390 SE2d 113)

POPE, Judge.

On January 1, 1988, Danny Floyd and his fiancee, Daniker Cunningham, were driving home after eating dinner at a restaurant. Because Floyd was smoking a cigarette, the window on the driver's side was rolled down. While the car was stopped at a red light, several men approached the car. One put a gun to Floyd's head and de-

manded money. Simultaneously, the defendant leaned into the car and turned the car off and attempted to remove the keys from the ignition. The defendant also took Floyd's wallet and attempted to get his fiancee's purse. However, Floyd was able to start the car and escape. Almost immediately, Floyd found a policeman and the two returned to the area where the robbery occurred. Floyd identified the defendant as did his fiancee shortly after the defendant's arrest.

1. The defendant argues that his character was placed improperly in issue in violation of the holding in *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988). While on the stand, the defendant testified, "I wouldn't do nothing like that. I don't even have it in my heart to rob nobody." Outside the presence of the jury, in a hearing on the State's request to use prior convictions to impeach the defendant's testimony, the defendant further stated, "I ain't never did nothing wrong in my life. I ain't never broke a crime." This was in response to a question from the defendant's own attorney. "Where the defendant testifies in his own behalf and falsely denies past criminal conduct (or past misdeeds,) the State may introduce evidence reflecting negatively on the defendant's character only insofar as that evidence proves the falsity of specific testimony of the defendant. . . . In this circumstance the defendant has not placed his character in issue within the meaning of OCGA § 24-9-20 (b). Rather, we recognize this as a situation where the state is permitted to rebut statements of a defendant who testifies at trial by disproving the facts testified to." (Citations, punctuation and emphasis omitted.) *Jones v. State*, 257 Ga. at 759. Use of the defendant's prior convictions for criminal trespass and theft by receiving was proper to rebut his protestations that he never had done anything like this before. There was no error.

2. The evidence adduced at trial was sufficient to enable a rational trier of fact to find that the defendant was guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 10, 1990.

*A. Nevell Owens*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Katherine E. Beaver, Assistant District Attorneys*, for appellee.