## A92A1732. BOUNDS v. THE STATE.
(428 SE2d 673)

ANDREWS, Judge.

Bounds appeals from his conviction for simple battery and reckless driving resulting from an altercation with his ex-wife and her male companion.

The sole enumeration of error includes two separate bases for the argument made, which is inappropriate. Each ground should be separately enumerated. OCGA § 5-6-40. The ground stated in the first paragraph was not made below and will not be considered here for the first time. *Miller v. State*, 201 Ga. App. 374, 375 (2) (411 SE2d 112) (1991).

To the extent that the enumeration raises the objection made below to the cross-examination of Bounds by use of a 1988 judgment and conviction for failing to obey a police officer and obstruction of an officer, it will be addressed.

During his opening argument, defense counsel depicted the case

as "basically a domestic case . . . Mr. Bounds has been arrested previously by Ms. Bounds, each case . . . has been dismissed." Ms. Bounds was cross-examined by the defense and acknowledged that she had taken out warrants and had him arrested on three occasions. Mr. Rodriquez, the friend of Ms. Bounds, was also cross-examined regarding the one prior incident in which he was also involved which resulted in Bound's arrest.

Bounds testified and on direct was asked if he and his wife had had problems and if he "had ever been arrested previous to this time." He responded, "Including this or previous to this? Previous, three; including this, four." He then testified that all these previous charges were dismissed.

On cross-examination, the following occurred: "Q. Mr. Bounds, you testified here that you had been arrested three times? A. That's correct." Asked the dates of his previous arrests, he stated, "January 1991, March 25, 1991, April 12, 1991."

At that point, the jury was excused and the state offered its proffer that, in fact, Bounds had been arrested and convicted in 1988 of failing to obey an officer and obstructing an officer.

The objections voiced by the defense during Bound's cross-examination were that "the only arrests that has [sic] been gone into in this case are the arrests as were related to this particular case," and that "the only thing that has gone in are the arrests that came to pertain to this particular case, those being cases that were dismissed to show that the defendant did not do the things that he was accused of. I don't like that opening the door to every arrest that he ever had. . . ."

The court properly allowed that evidence as impeachment. While Bounds may not have intended to open the door to the 1988 arrest and conviction, he did so. "(a) Where the defendant testifies in his own behalf and falsely denies past criminal conduct (or past misdeeds,) the State may introduce evidence reflecting negatively on the defendant's character only insofar as that evidence proves the falsity of specific testimony of the defendant. . . . In this circumstance the defendant has not placed his character in issue within the meaning of OCGA § 24-9-20 (b). Rather, we recognize this as a situation where the State is permitted to rebut statements of a defendant who testifies at trial by disproving the facts testified to. . . . (b) Where the defendant testifies and admits prior criminal conduct, he has not placed his character in issue. . . . Rather, he has raised an issue which may be fully explored by the State on cross-examination. If however, the defendant testifies he has committed a crime, implying that this is his only criminal record, his testimony is again subject to rebuttal by proof of other crimes he has committed." (Citations, punctuation and emphasis omitted.) *Jones v. State*, 257 Ga. 753, 759 (1) (363

SE2d 529) (1988). See also *Brantley v. State*, 199 Ga. App. 623, 625 (7) (405 SE2d 533) (1991); *Gaither v. State*, 194 Ga. App. 213, 214 (1) (390 SE2d 113) (1990).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 9, 1993.

*Ray B. Gary, Jr.*, for appellant.

*Patrick H. Head, Solicitor, Benjamin M. First, Clifford L. Granger, Jr., Assistant Solicitors*, for appellee.