A98A0357. MITCHELL v. THE STATE.
(503 SE2d 293)

BEASLEY, Judge.

Eric Mitchell appeals his convictions of cruelty to children (OCGA § 16-5-70) and battery (OCGA § 16-5-23.1) on grounds of insufficient evidence, inadequate jury charges, and improper admission of certain evidence.

1. The standard of review for sufficiency of the evidence is set out in *Jackson v. Virginia*:[1] "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." In addition, " 'appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and

---

[1] (Emphasis omitted.) 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

does not weigh the evidence or assess the credibility of the witnesses. [Cits.]' [Cit.]"[2]

So construed, the evidence shows that on February 4, 1996, Mitchell disciplined his eight-year-old son for bed wetting by forcing him to sit naked in a bathtub filled with very hot water and bleach (or some other caustic chemical) to wash his soiled bed linens. Mitchell himself admitted to a police officer he placed the child in the liquid for disciplinary reasons. The child suffered severe burns to his feet, buttocks, and knuckles. Mitchell did not allow the boy to receive medical treatment for the open, oozing lesions until five days later when required to do so by investigating police.

The offense of cruelty to children occurs when a person maliciously causes a minor child cruel or excessive physical or mental pain.[3] Battery is when a person intentionally causes substantial physical harm or visible bodily harm to another.[4] The evidence sustains the convictions.

2. Mitchell claims the court erred in allowing the treating physician to rule out diaper rash as the cause of the buttocks burns. Although the doctor testified he was an expert on the treatment, not the cause, of burns, he testified without objection that the child's lesions could have been caused by various agents, including hot water and bleach. He could not identify which agent but found no evidence the child suffered from diaper rash, which would normally be found in the groin area.

The State asked the doctor if, because of the absence of diaper rash there, he had an opinion whether the buttocks injuries were from diaper rash or some other cause. Mitchell objected on the ground the doctor was not an expert in cause and effect. Without ruling on the objection, the court stated it thought the question dealt with whether the symptoms were consistent with the child having urinated on himself, and the doctor responded they were not consistent.[5]

This testimony, which excluded diaper rash as a cause of the buttocks injuries, did not conflict with the doctor's earlier testimony that he could not identify which particular agent caused the burns. As the State analogizes, Mitchell's argument is akin to contending that a physician treating blunt trauma, who cannot identify the specific blunt instrument, is not qualified to rule out gunshot as a cause. Even though a treating physician may not be able to identify the spe-

---

[2] *Hight v. State*, 221 Ga. App. 574 (1) (472 SE2d 113) (1996).

[3] OCGA § 16-5-70 (b).

[4] OCGA § 16-5-23.1 (a).

[5] See *Gibson v. State*, 160 Ga. App. 615, 619 (4) (287 SE2d 595) (1981) (failure to object to question by judge estops appellant from raising issue on appeal).

cific cause, he may be versed enough to eliminate the defendant's theory as contraindicated.[6]

3. Mitchell contends the court erred in allowing an officer to confer with State's counsel prior to answering a question posed by the State. As conceded by Mitchell, the court has discretion to allow such a conference during the course of trial and "that discretion will not be interfered with unless abused."[7]

In pretrial motions Mitchell twice threatened to move for a mistrial if any witness referred to (a) certain portions of police interviews regarding his character or hearsay statements or (b) certain government reports that abuse had been confirmed. After Mitchell on cross-examination derided the investigating officer's decision not to obtain a search warrant for Mitchell's house, the State on re-direct asked the officer why he came to that decision. The officer hesitated and expressed concern his answer might intrude into a prohibited area. It was allowable to permit the officer to consult with the prosecuting attorney before answering. The court's explanatory reference to orders from the pretrial conference could not possibly have prejudiced Mitchell, for the court did not describe those orders to the jury nor indicate at whose behest they were entered.

4. Mitchell claims the court erred in not striking the testimony of a State's witness who on re-direct responded to three leading questions from the State. Mitchell did not object to these questions until the examination was complete and thereby waived his right to raise the issue on appeal.[8] The belated motion to strike her testimony, which would have included her previous testimony on direct and cross-examination, not only exceeded the alleged wrong but did not excuse his failure to contemporaneously object.[9]

Moreover, it was within the court's discretion to allow leading questions.[10] "It would be a rare case in which the trial court's exercise of discretion on this issue would warrant reversal."[11]

5. Mitchell argues the court erred in failing to charge the jury as to bare suspicion and as to knowledge on the part of defendant that a crime was being committed. The proposed charge on bare suspicion was unnecessary, for the court charged on the need for the State to prove guilt beyond a reasonable doubt and on the presumption of innocence.[12] "Although the trial court did not charge in the language

---

[6] See *Morris v. State*, 202 Ga. App. 673, 674 (415 SE2d 485) (1992).

[7] *Fowler v. State*, 179 Ga. App. 492, 494 (3) (347 SE2d 322) (1986).

[8] *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (476 SE2d 722) (1996).

[9] Id.

[10] See OCGA § 24-9-63; *Perkins v. State*, 226 Ga. App. 613, 615 (2) (487 SE2d 365) (1997).

[11] (Citation and punctuation omitted.) Id.

[12] See *Lowe v. State*, 267 Ga. 180, 181 (2) (476 SE2d 583) (1996); *Kennedy v. State*, 205

requested by the appellant, the charge given covered substantially the same principles."[13] Similarly, the court's charge on intent adequately covered the principles in his requested charge on knowledge.

Mitchell also enumerates as error the court's refusal to give the "two theories" charge, i.e., that "where all the facts and circumstances of the case and all reasonable deductions present two equal theories, one of guilt and the other of innocence, then the jury must acquit the accused."[14] The court did instruct the jury on circumstantial evidence, as requested, basically tracking the language in OCGA § 24-4-6 and the Suggested Pattern Jury Instructions.[15] "It is never error to refuse to give a requested 'two equal theories' charge where a trial court properly instructs the jury on circumstantial evidence."[16]

6. Mitchell enumerates as error, without success, the jury charge as to criminal negligence where the facts did not establish reckless or wanton conduct. "A 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence."[17] Criminal negligence is " 'reckless and wanton negligence and of such a character as to show an utter disregard for the safety of others who might reasonably be expected to be injured thereby.' [Cit.]"[18]

Placing a naked child in a bathtub containing very hot water and caustic chemicals for disciplinary reasons, and not seeking medical treatment for severe burns until forced to do so five days later, may be found by a jury to constitute reckless or wanton conduct. Mitchell even told the child the liquid in the bathtub would feel like "acid."

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 15, 1998 —
RECONSIDERATION DENIED JUNE 26, 1998 — ▮▮▮▮▮▮▮▮

*Paul R. Cadle, Jr.*, for appellant.

---

Ga. App. 152, 156 (5) (d) (421 SE2d 560) (1992).

[13] (Citations and punctuation omitted.) Id.

[14] *Matthews v. State*, 214 Ga. App. 104, 105 (2) (446 SE2d 790) (1994); see *Hicks v. State*, 221 Ga. App. 735, 739 (4) (472 SE2d 474) (1996).

[15] Vol. II: Criminal Cases, Part 2 (J), p. 11 (2nd ed. 1991).

[16] (Citation omitted.) *Smith v. State*, 264 Ga. 857, 860 (4) (452 SE2d 494) (1995); see *Brinson v. State*, 268 Ga. 227, 230 (6) (486 SE2d 830) (1997) (where "trial court properly instructs the jury on circumstantial evidence, it is not error to refuse to give a requested 'two equal theories' charge").

[17] OCGA § 16-2-1; see *Jordan v. State*, 214 Ga. App. 598, 601-602 (2) (448 SE2d 917) (1994).

[18] *Keye v. State*, 136 Ga. App. 707, 708 (1) (222 SE2d 172) (1975).

*Tambra P. Colston, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.