## A99A2114. BOWERS v. THE STATE.
### (526 SE2d 163)

ELLINGTON, Judge.

Jimmy Bowers, Sr. was convicted following a jury trial of cruelty to children in the first degree, OCGA § 16-5-70 (b), for beating his daughter with a belt, and of family violence battery, OCGA § 16-5-23.1 (f), for striking his son in the face. He appeals from the denial of his motion for new trial, arguing the general grounds and claiming the trial court erred in admitting certain evidence. For the following reasons, we affirm.

Viewed in the light most favorable to support the verdict, the record reveals that on July 13, 1999, Bowers twice struck his 12-year-old son J. B. on the face. The blow was of a force sufficient to knock J. B. down and to leave a hand-shaped bruise that was visible days later when the police began their investigation. On July 14, 1999, Bowers beat his seven-year-old daughter, H. B., at least fifteen times with a metal-studded leather belt. The beating left H. B.'s legs and abdomen bruised, and the belt's metal studs marked her flesh with bleeding welts. J. B. and another sister, S. B., heard H. B. screaming and crying during the beating. As Bowers beat H. B., he called her a bitch, a whore, and a prostitute. S. B. also observed after the beating that H. B.'s bloody nightgown stuck to her and the bed upon which she sat. J. B., H. B., S. B., a neighbor, Bower's common-law wife, Bower's wife's aunt, a uniformed officer, the investigating detective, and a caseworker with the Department of Family & Children Services testified against Bowers at trial. The State introduced photographs depicting the extent of the children's injuries. Bowers testified and admitted striking J. B. and beating H. B., explaining that he was disciplining them. He conceded, however, that he

believed that punishing the children by bruising them as he did was excessive, malicious, and cruel.

1. The State charged Bowers in Count 1 of the indictment with cruelty to children for beating H. B. A person commits the offense of cruelty to children in the first degree when he or she maliciously causes a child under the age of 18 cruel or excessive physical or mental pain. OCGA § 16-5-70 (b). To prove the crime, the State must present evidence establishing the child's age, that the child suffered physical or mental pain, that the pain was cruel or excessive, that the defendant caused the pain, and that the defendant acted maliciously in so doing. *Hopkins v. State*, 209 Ga. App. 376, 377 (1) (434 SE2d 74) (1993).

The beating Bowers gave seven-year-old H. B. caused her pain and suffering. Bowers admitted the punishment was cruel and excessive, and the jury was certainly authorized to infer such a finding from the physical and testimonial evidence adduced. Also, although Bowers testified he did not intend to harm H. B., the jury was authorized to find the beating malicious. Malice means the absence of justification or excuse and either an actual intent to cause the particular harm produced or the wanton and wilful doing of the act with an awareness of the plain and strong likelihood that harm may result. *Sims v. State*, 234 Ga. App. 678, 681 (1) (b) (507 SE2d 845) (1998). We find no evidence in the record indicating that this beating was justified or that Bowers could not appreciate the harmful consequences of his actions. The evidence was sufficient to support the conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Mitchell v. State*, 233 Ga. App. 92-93 (1) (503 SE2d 293) (1998).

In Count 2 of the indictment, the State charged Bowers with family violence battery for intentionally causing visible bodily harm to J. B. by striking him on the face. To prove family violence battery as alleged, the State was required to present evidence that J. B. and Bowers were family members and that Bowers intentionally caused substantial or visible bodily harm to J. B. by striking him in the face. OCGA § 16-5-23.1 (a), (b), and (f). Bowers admitted striking his son in the face, and the photographic evidence revealed visible bodily harm in that J. B.'s face had substantial bruising. The evidence was sufficient to support the conviction under the standard of *Jackson v. Virginia*, supra. See *Meja v. State*, 232 Ga. App. 548, 549 (1) (502 SE2d 484) (1998).

2. Bowers complains that the trial court erred by allowing the prosecutor to ask him about his normal disciplinary procedures, specifically, how many times he would strike a child with a belt as punishment. Although Bowers' counsel said during a sidebar conference that he would object to that line of questioning, he failed to ask for a

continuing objection or to make a contemporaneous objection to the question when it was actually posed. This allegation of error, therefore, was not preserved for our review. *Smith v. State*, 237 Ga. App. 616, 619-620 (3) (516 SE2d 319) (1999).

3. Bowers argues the trial court erred in admitting over objection his wife's testimony that she warned J. B. to keep silent about his injuries because his father could go to jail. Bowers argues this testimony was inadmissible hearsay. We disagree. "Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." OCGA § 24-3-1 (a). Here, the witness was the declarant. These were her own statements made in an attempt to dissuade J. B. from disclosing his injuries. Her statements were not dependent upon the competency and veracity of other persons. See *Burroughs v. State*, 190 Ga. App. 467, 470 (1) (b) (379 SE2d 175) (1989).

4. Bowers complains that the trial court impermissibly limited his right to a thorough and sifting cross-examination. The State objected to Bowers asking his wife what form of punishment she uses on the children, arguing that her methods of discipline were irrelevant to whether Bowers' discipline in this case was appropriate. The court sustained the objection and advised Bowers that while her disciplinary methods were not relevant, she was certainly competent to give her opinion of the discipline she saw Bowers impose. And Bowers did follow that line of questioning at length. "The trial court may restrict the scope of the cross-examination to matters relevant to the issues being tried, and the results of the exercise of that discretion will not be interfered with on appellate review unless the discretion was manifestly abused." (Citation and punctuation omitted.) *Wheeler v. State*, 212 Ga. App. 638, 639 (2) (442 SE2d 906) (1994). Under the circumstances, we find no abuse of discretion.

5. Bowers argues that the trial court erred in allowing the State to impeach him with improper character evidence. Bowers testified falsely on direct examination that he and his children had lived together continuously for the past seven years. On cross-examination, the State elicited testimony from Bowers that the children were taken away from him by DFACS for a 16-month period of time because the children had been neglected. When Bowers finally made an objection based upon character, the court directed the State to move on. Bowers, however, insisted upon explaining the circumstances of DFACS' action and did so without any further objection from his counsel. The prohibition against the State's introduction of character evidence unless and until the defendant places his own character into issue does not preclude the use of evidence to disprove facts testified to by the defendant. *Francis v. State*, 266 Ga. 69, 71 (2) (463 SE2d 859) (1995). The State is permitted to rebut statements of

a defendant who testified at trial by disproving the facts to which the defendant testified. *Bounds v. State*, 207 Ga. App. 665, 666 (428 SE2d 673) (1993). We find no error.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 29, 1999.

*Michael A. Corbin*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.