## A02A1338. DYER v. THE STATE.
(570 SE2d 692)

MILLER, Judge.

Tony Dyer appeals from his conviction for possession of cocaine and for possession of marijuana, both with the intent to distribute. He contends that (1) prosecutorial misconduct occurred in cross-examining him, (2) he was denied rights under the federal and state confrontation clauses, (3) the chain of custody of certain evidence was not established, (4) similar transaction evidence was erroneously admitted, (5) the term "bent of mind" is unconstitutionally vague, (6) police officers gave improper expert opinion testimony, and (7) his counsel was unfairly caught unprepared for the officers' expert testimony. Since Dyer waived almost all of these issues below, and since the remaining enumerations are without merit, we affirm his convictions.

Obtaining consent from Dyer to search, police found clear plastic bags containing numerous smaller baggies of marijuana and cocaine concealed in the toilet tank in a Cobb County motel room occupied by Dyer and two companions. Dyer and one of his companions possessed large amounts of cash. Based on this and other evidence, Dyer was convicted of possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. The court denied his motion for new trial.

1. Dyer first claims error in the denial of his motion for a mistrial made on the ground of prosecutorial misconduct. Dyer testified on direct that, at the door of the room in which he and his companions were arrested, he told one of the officers: "You don't smell marijuana coming out of this room. If you smell marijuana, it's out there." On cross-examination, the prosecutor queried him whether he replied "yes" when asked by police officers if he and his companions had "smoked all the marijuana." Dyer moved for a mistrial, arguing that the prosecutor had no good faith basis for asking such a prejudicial question. The prosecutor quoted to the court from the police report regarding the incident, which was consistent with her question to Dyer. The court denied the motion. Dyer then testified that he did not remember if he made the referenced statement.

It is true that "counsel may not . . . inject extrinsic, prejudicial matters that have no basis in the evidence. . . ." (Citation omitted.)

*Pace v. State*, 271 Ga. 829, 843-844 (32) (a) (524 SE2d 490) (1999), cert. denied, 531 U. S. 839 (121 SC 101, 148 LE2d 60) (2000). On the other hand, "[t]he State is permitted to rebut statements of a defendant who testified at trial by disproving the facts to which the defendant testified." (Citation omitted.) *Bowers v. State*, 241 Ga. App. 122, 124-125 (5) (526 SE2d 163) (1999). Moreover, while cross-examining a defendant, an attack on the credibility of his testimony is "an area certainly within the appropriate scope of cross-examination." (Citations and punctuation omitted.) *Ross v. State*, 192 Ga. App. 65, 67 (3) (383 SE2d 627) (1989).

Here the prosecutor's question was merely an attempt to rebut and attack the credibility of Dyer's testimony on direct. She based the question on information contained in a police report of the arrest. Accordingly, we find no abuse of discretion in the denial of Dyer's motion for a mistrial.

2. Dyer contends that asking him the above-referenced question denied him his rights under the Sixth Amendment and Ga. Const. of 1983, Art. I, Sec. I, Par. XIV. He argues that since the officer who wrote the police report (that was the basis for the question) did not testify, he was denied his right to be confronted with the witnesses against him. This argument, however, has not been preserved for review, as neither Dyer's objection to the question nor his subsequent motion for a mistrial raised this constitutional point. See *Heidler v. State*, 273 Ga. 54, 60 (7) (537 SE2d 44) (2000) ("[Appellant] waived the right to raise [violation of the confrontation clause] on appeal by failing to object to the admission of the videotapes on that ground.") (citation omitted), cert. denied, 532 U. S. 1029 (121 SC 1979, 149 LE2d 771) (2001).

Dyer correctly notes that he raised this issue in his motion for a new trial. This was too late, however. See *Aldridge v. State*, 237 Ga. App. 209, 212 (2) (515 SE2d 397) (1999) (raising evidentiary arguments for the first time in a motion for new trial is too late and does not preserve the issue for appellate review).

3. Dyer next claims that the chain of custody of the cocaine was not established. This claim likewise has not been preserved for review. During the direct examination of the narcotics officer to whom the cocaine was turned over by the arresting officers, Dyer objected to the admission of the cocaine on the basis that chain of custody had not been shown. The trial court reserved ruling until Dyer had an opportunity to cross-examine the officer. At the conclusion of the ensuing cross-examination, the State renewed its motion to admit the cocaine, which the court granted when Dyer's counsel made no objection. As there was no contemporaneous objection at the time the evidence was retendered and admitted, Dyer waived his chain of custody objection. See *Sharpe v. Dept. of Transp.*, 267 Ga.

267 (1) (476 SE2d 722) (1996) ("The contemporaneous objection rule has long been a mainstay of Georgia trial practice. [Cits.]"); *Newton v. State*, 226 Ga. App. 501, 503 (3) (486 SE2d 715) (1997) (failure to make chain of custody objection waives any error); *Geoffrion v. State*, 224 Ga. App. 775, 779 (6) (482 SE2d 450) (1997) (chain of custody objection must be contemporaneous with effort to admit the evidence), overruled on other grounds, *Mullins v. State*, 270 Ga. 450, 451 (511 SE2d 165) (1999). His belated renewal (six transcript pages later) of his trial motion to exclude the evidence is of no help, as he failed to obtain a ruling even on this motion. See *Harris v. State*, 190 Ga. App. 343, 348 (4) (b) (378 SE2d 912) (1989) (" 'It is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver. [Cits.]' ").

4. Dyer claims that the evidence of a similar transaction was erroneously admitted because it was not sufficiently similar. The similar transaction was Dyer's 1997 conviction for possession of cocaine and for possession with intent to distribute cocaine within 1,000 feet of a housing project. The similarities between the charged crime and the previous offense are that in both transactions (a) they occurred in Cobb County during the daytime in areas known for high drug activity; (b) Dyer was acting in concert with others; (c) Dyer gave police consent to search but nevertheless attempted to conceal drugs from detection by police; and (d) police found Dyer with crack cocaine packaged in a similar manner for individual street sales. In light of these similarities, we discern no abuse of discretion in the trial court's decision to admit the similar transaction. See *Mitchell v. State*, 249 Ga. App. 520, 521-522 (1) (548 SE2d 469) (2001) ("Evidence of prior drug convictions evincing similar facts are often admissible as similar transactions in drug prosecutions. . . . 'If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.' ") (footnote omitted).

5. Dyer next contends that the term "bent of mind" in the context of similar transaction evidence is unconstitutionally vague. Dyer, however, did not make this argument at trial and therefore did not preserve this issue for review. See *Heidler*, supra, 273 Ga. at 60 (7); *Allsup v. State*, 250 Ga. App. 53, 54 (1) (550 SE2d 425) (2001).

6. Dyer claims that three police officers gave improper expert opinion testimony. Specifically, Dyer complains that one officer distinguished the evidence indicating possession with intent to distribute from the evidence indicating mere possession; that another officer testified that 36 bags of cocaine indicated an intent to sell the drug; and that a third officer testified that based on his experience,

$20 was a common sum for a single purchase of crack cocaine. Dyer, however, did not interpose an objection to any of this testimony. Under the contemporaneous objection rule, these issues are waived. *Butts v. State*, 273 Ga. 760, 769 (20) (546 SE2d 472) (2001), cert. denied, 534 U. S. 1086 (122 SC 824, 151 LE2d 705) (2002); see *Sharpe*, supra, 267 Ga. at 267 (1).

7. Dyer contends that his trial counsel was unfairly caught unprepared for the expert testimony of the three police officers and could not adequately cross-examine their qualifications or opinions. This issue was not raised at trial, however, as Dyer made no objection on this ground. Accordingly, Dyer has waived this point. *Clark v. State*, 248 Ga. App. 88, 91 (3) (545 SE2d 637) (2001).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 4, 2002 —

*Nicholas Pagano*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.