## A09A1485. MOORE v. THE STATE.
### (684 SE2d 670)

DOYLE, Judge.

Following a jury trial in Lee County Superior Court, Robert Moore was found guilty of felony obstruction of a corrections officer.[1] On appeal, Moore argues that the trial court improperly allowed an officer to offer opinion testimony without having him tendered as an expert or presenting a basis for the opinion. Finding no error, we affirm.

The record reveals that while incarcerated at Lee State Prison, Moore was returning to the cell area from the recreation yard one evening with other inmates. Correctional Officer Freddie Green asked Moore to submit to a pat-down search, but Moore ignored the officer and continued toward the cell area. Green radioed to Emergency Response Officer Marcus Lemacks, who approached Moore

---

[1] OCGA § 16-10-24 (b).

(along with Correctional Officer LaVerne Johnson) inside the cell area. After Moore became belligerent with Lemacks, Lemacks made the decision to remove Moore to the prison segregation unit, and Moore was instructed to pack his property for the transfer.

While packing his property, Moore began shaking a bottle of baby powder and threw the powder at the officers, and then he lunged at Lemacks. Lemacks testified that in his opinion, Moore was shaking the powder in the cell in order "to get it in [the officers'] eyes," and in response to a question about his experience as an emergency response officer, Lemacks stated that throwing the powder was a threat to the officers' safety. After throwing the powder, Moore hit Lemacks in the face and grabbed his neck, and Moore was kicking at the other officers present.

Moore argues that the trial court erred by allowing Lemacks's testimony regarding Moore's reason for throwing the baby powder and its effect on officer safety because it constituted improper opinion testimony for which he was not tendered as an expert and for which he did not present a basis. We disagree.

As an initial matter, Moore failed to object during trial to the testimony. Pretermitting whether Moore waived his opportunity to raise this issue on appeal,[2] there was no error in admitting the evidence because "[a] lay witness is permitted to give [his] opinion as to a defendant's behavior, so long as it is based upon personal observation and the witness states the facts upon which an opinion is based."[3] Lemacks's testimony regarding his opinion of what Moore was attempting to do with the baby powder was based on his personal observation of the situation and explanation of the facts upon which his opinion was based. Thus, Moore's enumeration is without merit.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 18, 2009.

*Kevin Kwashnak*, for appellant.
*Plez H. Hardin*, District Attorney, *Lewis R. Lamb, Daniel P. Bibler*, Assistant District Attorneys, for appellee.

---

[2] See *Bridges v. State*, 279 Ga. 351, 356 (9) (613 SE2d 621) (2005); *Dyer v. State*, 257 Ga. App. 267, 269-270 (6) (570 SE2d 692) (2002).

[3] *Bridges*, 279 Ga. at 356 (7).