## 66193. GARNETT v. THE STATE.

POPE, Judge.

Appellant Garnett was convicted of theft by shoplifting. The circumstances bringing about this conviction are as follows. On the afternoon of January 12, 1982 Garnett entered Solomon Company, Inc., a retail establishment in Richmond County. After shopping he proceeded to the checkout counter where the cashier rang up the items in his shopping cart. However, because he had no money he did not make the purchase. At this time the appellant did not leave the store. Instead, he proceeded to that section of the store where the stereo and other electronic equipment was located. After leaving this section of the store, appellant proceeded to exit the store. As he did so, he grabbed from a shopping cart a portable television set and a cassette tape player and ran out the door. A store employee pursued him, caught him and tried to get him to return the items to the store, but he refused to do so and drove off in his car.

Appellant's sole enumeration of error is that the trial court erred in charging the jury on flight. Appellant concedes that the charge was a correct statement of the law, but contends that the charge was improper and highly prejudicial because it was inconsistent with the trial court's charge on alibi. The trial court charged as follows: "Members of the Jury, you may consider whether or not you will draw an inference of guilt from flight . . . or similar acts *if proven.* Flight or similar acts, *if any* — flight is subject to explanation. You decide the weight to be given to it or whether to draw an inference of a consciousness of guilt or not. *You decide* if there was flight at the scene of this crime following its discovery, or similar acts, and whether or not it was due to a sense of guilt or for other reasons; and if for other reasons, no inference hurtful to the defendant should be drawn." (Emphasis supplied.)

There was sufficient evidence to justify a charge on flight. "It is well established that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. [Cit.] To justify a charge on a given subject, it is not necessary there should be compelling evidence giving rise to that point; it is enough if there be something from which a legitimate process of reasoning can be drawn from it by the jury." *Williams v. State,* 156 Ga. App. 17, 18 (274 SE2d 71) (1980).

The charge on flight did not contradict the charge on alibi. " 'The charge did not intimate to the jury that flight had been proven but left it to the jury to determine whether there was flight, and, if so, what inference might be drawn therefrom.' " *McKisic v. State,* 238 Ga. 644, 646 (234 SE2d 908) (1977). In this case there were no inconsistencies because the jury was given an option to choose between flight (the state's evidence) or alibi (appellant's evidence). Accordingly, this enumeration of error has no merit.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 8, 1983.

*Benjamin Allen,* for appellant.
*Sam B. Sibley, Jr., District Attorney,* for appellee.