## S99G0777. ARNOLD v. THE STATE.
### (523 SE2d 14)

HUNSTEIN, Justice.

Jimmy Arnold was found guilty of one count of child molestation. The Court of Appeals affirmed. *Arnold v. State,* 236 Ga. App. 380 (511 SE2d 219) (1998). We granted the writ of certiorari to consider whether the trial court's charge to the jury impermissibly expanded the manner in which the crime, as set forth in the indictment, was committed. Finding that the erroneous charge was a palpable slip of the tongue which could not have confused or misled the jury because of the trial court's explicit instructions properly stated on the same subject before the inaccurate statement, we affirm.

The two-count indictment charged Arnold with placing his penis (Count I) and his hands (Count II) "into the rectum" of the four-year-old victim. The trial transcript reveals that the entire indictment was read to the jury array by the prosecutor before voir dire. The prosecutor, in her opening statement, reiterated the indictment language and discussed the issue of penetration with the jury. The jury then heard evidence from Olivette Moss, a woman who had a grandmotherly relationship with the victim. Moss testified that the victim seemed unwell and drained when she collected the child and the victim screamed and cried in pain when bathed, claiming that the area between her legs was "burning." The victim eventually revealed to Moss that Arnold had displayed his genitals, made the victim lick his penis, fondled her, inserted Vaseline in her anus, and placed his penis in her anus while watching an adult video. The child's mother testified that the victim told her that Arnold put "lotion on [her] bottom" and "his penis in [her] private." The medical doctor who examined the victim several weeks after the event testified that the victim had used anatomical dolls to indicate Arnold had placed his penis between her legs;[1] although the physical examination revealed no sign of vaginal or anal penetration, the doctor testified that her findings were not inconsistent with the child's report of molestation. The child testified that Arnold touched her under her panties with his hands and that Arnold had hurt her by "playing with" her, which she described as "touch[ing] me in places that no one should." The

---

[1] The female doll was not anatomically correct in that it failed to differentiate between the vagina and the anus.

State also adduced similar transaction evidence regarding Arnold's previous conviction for child molestation by introducing the testimony of the victim of that molestation that Arnold, while living with the victim and her mother, had grabbed her from behind, pulled off her clothes, and began rubbing his penis between her legs until another adult fortuitously interrupted him.

In closing argument the prosecutor stressed that the State had proven that Arnold had placed his penis and his hands in the victim's rectum. Defense counsel argued the contrary position, telling the jury as to Count I that

> [t]he indictment says placing his male sex organ into, doesn't say on or upon, says into. That's what [the prosecutor] wrote up here[,] that's what that word means up there, penetration. . . . In Count II he is charged with child molestation. The indictment reads, by placing his hands, doesn't say anything about fingers, his hands into — again — into the rectum of [the victim].

In its instructions to the jury, the trial court charged the language of the two counts in the indictment. The trial court repeatedly instructed the jury that the indictment "forms the issue that you are to decide"; charged the jury that they were to determine what the charge is "simply by looking at the indictment"; and charged that the State must prove all the essentials facts "as alleged in the indictment" and prove beyond a reasonable doubt "that the alleged offense was committed in the manner charged in the indictment." After defining the crimes with which Arnold was charged, the trial court addressed Count II first, reiterating that Arnold was accused of

> placing *his hands into the rectum* of [the victim] with intent to arouse and satisfy his sexual desires. Now, that is what the State has to prove. In other words, I charge you that the State has to prove that the offense happened in the way that the State charged it in the indictment. So what they're required to prove here is that in Fulton County . . . [Arnold] *placed his hands on [sic] the rectum* of [the victim] with the intent of arousing his sexual desires.

(Emphasis supplied.) The trial court did not thereafter utilize the incorrect "on" but instead, in instructing the jury regarding Count I, correctly used "into the rectum" repeatedly throughout the remaining charge. The indictment went out with the jury which returned a verdict (written on the indictment form itself) acquitting Arnold of the Count I aggravated child molestation (penis in the rectum) but

finding him guilty on Count II, child molestation (hands in the rectum).

The Court of Appeals found that when read in its entirety, the trial court's erroneous use of "on" in its charge did not warrant a reversal, relying on the well-established principle that a manifest verbal inaccuracy is not reversible error in a charge which could not have confused or misled the jury because of the trial court's explicit instructions properly stated on the same subject before the inaccurate statement. *Siegel v. State*, 206 Ga. 252 (2) (56 SE2d 512) (1949). Appellant, however, argues that the trial court's misstatement was reversible error under *Harwell v. State*, 270 Ga. 765 (1) (512 SE2d 892) (1999). The defendant in *Harwell* was indicted on a charge of aggravated assault with intent to rob, OCGA § 16-5-21 (a) (1), but based on evidence adduced at trial the trial court decided to instruct the jury also on a separate and distinct crime, namely, aggravated assault with a weapon likely to cause serious bodily injury. OCGA § 16-5-21 (a) (2). We held that charging the alternative method was reversible error because "[t]he giving of a jury instruction which deviates from the indictment violates due process where there is evidence to support a conviction on the unalleged manner of committing the crime *and the jury is not instructed to limit its consideration to the manner specified in the indictment*. [Cit.]" (Emphasis supplied.) *Harwell*, supra at 766 (1).

Unlike *Harwell*, supra, this case does not involve the deliberate decision to charge the jury on an alternative method of convicting the defendant. Rather, it is apparent from the charge as a whole that the trial court's singular use of "on" instead of "into" was a misstatement, a palpable "slip of the tongue." Further, the record reveals that the jury was thoroughly instructed to limit its consideration of the crimes to the manner specified in the indictment. The jury was made aware within the context of the witness examinations, argument of counsel, the repeated readings of the exact language in the indictment, and the correct instructions of the trial court that the State was required to prove beyond a reasonable doubt that penetration of the victim's rectum had occurred in order to convict Arnold of the charged crimes.

Accordingly, we are satisfied that the jury could not have been misled or confused by the trial court's slip of the tongue and conclude that the inadvertent use of the challenged language constituted harmless error. See generally *Willingham v. State*, 268 Ga. 64 (5) (485 SE2d 735) (1997).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1999 —
RECONSIDERATION DENIED DECEMBER 17, 1999.

*John R. Mayer,* for appellant.
*Paul L. Howard, Jr., District Attorney, David E. Langford, Assistant District Attorney,* for appellee.