## A02A1274. WATTS v. THE STATE.
(578 SE2d 231)

BARNES, Judge.

James Lewis Watts appeals his convictions of two counts of felony obstruction of an officer. He contends the trial court erred by failing to charge the jury on his sole defense and by denying his motion for new trial because his trial defense counsel was ineffective. For the reasons that follow, we reverse.

---

1. Although the State was ordered to file an appellee's brief and recently was requested to file the brief, it has not done so. As a consequence, this court has been deprived of the State's assistance in deciding the case.

2. Following an altercation in the Lamar County jail, Watts was charged with two counts of aggravated assault on a police officer in the execution of his duties by striking one officer with a broken broom handle about the head and body and attempting to jab another officer with the jagged end of the broken broom handle. After a jury trial, however, he was convicted of two counts of felony obstruction of the officers and sentenced to five years in prison on each count with the sentences to run consecutively. After his motion for new trial and amended motion for new trial alleging that the trial court erred by refusing to charge on his sole defense and that his trial defense counsel was ineffective were denied, Watts filed this appeal.

3. Viewed in the light most favorable to the verdict, *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990), the evidence shows that Watts was held in the Lamar County jail when he became involved in a verbal altercation with two female jailers. Finally, two male officers intervened, became involved in a physical altercation with Watts, and ultimately subdued him after spraying him with pepper spray. During the incident, Watts struck one officer and attempted to stab the other officer with the broom handle.

According to Watts's testimony, however, the officers provoked the incident and sprayed him with the pepper spray for no reason. Because he claims to be allergic to pepper spray, Watts testified that he hit the officer because that was the only way he could stop him from spraying him with the pepper spray. Thus, he testified that he

> started out like I was going out to swing with the broom that was sitting right there beside the door. That's the only way I had to get them off of me with that spray, to stop spraying me because I was allergic to it and I couldn't hardly get no air because they were constantly spraying me with it. That's the only way I could get them off of me with the spray.

Later, he also testified that he grabbed the broom and hit them because the spray took his breath away and he wanted to keep them from spraying him because he was allergic to the spray. He could not really see which officers he hit because of the spray running in his eyes, but he denied hitting one of the officers who was standing by the door. On cross-examination, Watts again repeated that he hit the officer to stop them from spraying him.

When the evidence could support a charge on the defendant's sole defense, such charge must be given by the trial court whether or not requested by the defendant. *Smith v. State*, 250 Ga. App. 532, 537

(3) (552 SE2d 499) (2001). Even though Watts did not object to the charge or reserve the right to later object, we must consider a substantial error in a jury charge that is harmful as a matter of law, regardless of whether or not objection was made below. OCGA § 5-5-24 (c); *Nelson v. State*, 213 Ga. App. 641, 643 (3) (445 SE2d 543) (1994).

"If an affirmative defense is raised by the evidence, including the defendants' own statements, the trial court must present the affirmative defense to the jury as part of the case in its charge, even absent a request." *Booker v. State*, 247 Ga. 74 (274 SE2d 334) (1981). Although the failure to specifically charge on the affirmative defense is not reversible error if the charge as a whole fairly presented the issue to the jury, *Lavender v. State*, 234 Ga. 608, 610 (2) (216 SE2d 855) (1975), in this instance the trial court's charge did not fairly present the issue of self-defense to the jury.

Here, the court's charge included the principles that neither the indictment nor argument of counsel was evidence, the burden of proof, proof beyond a reasonable doubt, presumption of innocence, reasonable doubt, direct and circumstantial evidence, impeachment and credibility of witnesses, and the elements of the crime charged and the lesser included offenses of which Watts was found guilty. This charge, taken as a whole, however, did not fairly present Watts's sole defense to the jury. Totally lacking was any information about the affirmative defense of self-defense. Thus, the jury was not instructed on what evidence was necessary to establish the defense, or told that if they found the evidence established self-defense, they would be authorized to acquit Watts.

Thus, our decision turns on whether Watts's testimony about the incident and his testimony about his motivation for striking out with the broom handle were sufficient to create a jury issue on whether he acted in self-defense. "To justify a charge on a given subject, it is not necessary there should be compelling evidence giving rise to that point; it is enough if there be something from which a legitimate process of reasoning can be drawn from it by the jury." (Citation and punctuation omitted.) *Garnett v. State*, 167 Ga. App. 792, 793 (307 SE2d 692) (1983). This is true even if the great preponderance of the evidence is to the contrary. *Lyles v. State*, 130 Ga. 294, 295, hn. 8 (60 SE 578) (1908). In this case, Watts's testimony that he was the victim of an unprovoked attack by officers who sprayed him with pepper spray, a substance to which he was allergic, and that he employed the only means he had to make them stop spraying him was sufficient to warrant a charge on self-defense. Therefore, we find that Watts's testimony authorized a charge on self-defense, and that the trial court erred by not charging on Watts's sole defense, even in the absence of a request for the charge.

Further, we find that the error was harmful and requires a new trial. "Where there is only *one* defense on which a party relies, to fail to instruct the jury as to this defense so specifically that the jury will be not only required to pass upon it, but will be able to do so intelligently under pertinent rules of law and evidence, virtually withdraws that defense, and is, in effect, to direct a verdict." *Glaze v. State*, 2 Ga. App. 704, 709 (58 SE 1126) (1907). As the failure to charge a defendant's sole defense, even without a request, is reversible error, *Wells v. State*, 200 Ga. App. 104, 105 (1) (407 SE2d 86) (1991), Watts's convictions must be reversed and the case remanded for a new trial.

4. In view of our disposition of this case in Division 1, we need not address whether Watts's trial defense counsel was ineffective.

*Judgment reversed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 11, 2003.

*Robert M. Goldberg*, for appellant.

*Richard G. Milam, District Attorney, Wanda G. Johnson, Assistant District Attorney*, for appellee.