A06A0935. WILSON v. THE STATE.
(630 SE2d 640)

SMITH, Presiding Judge.

John Wilson was charged with multiple offenses stemming from a hunting incident in which he shot a 17-year-old hunter. A jury found Wilson guilty of two counts of aggravated assault and one count each of tampering with evidence, felony misuse of a firearm while hunting, unlawful enticement of game, hunting without a license or permit, and hunting without a big game license. Wilson was acquitted on three counts of cruelty to children and one count each of aggravated battery and violation of hunter education course requirements. Following the denial of his motion for new trial, Wilson appeals. Because Wilson's several claims of error are without merit, we affirm.

Construed in favor of the verdict, the evidence showed that Wilson was deer hunting with the 17-year-old victim and the victim's 14-year-old brother. All three hunters wore orange vests over their clothing. Wilson owned the three guns used to hunt that day. The victim used an SKS rifle, the victim's brother used a .30-30 rifle, and Wilson used a .358 Winchester rifle. The victim sat on a deer stand placed on the ground against a tree and his brother hid in a briar

patch. Wilson placed corn as bait 15 yards in front of the victim and then walked behind the victim to the top of a ridge.

After a few hours, the three ate lunch at Wilson's home and then returned to the woods to their same positions. After some time, the victim looked back and saw Wilson pointing his rifle. The victim waved and said, "Right here," and in response Wilson put his finger to his mouth and said, "Shhh." As the victim turned around he was shot in the left shoulder from Wilson's direction. Wilson ran toward the victim and said, "I didn't mean to." The victim's brother put the rifle he was using on the ground and ran for help. Wilson removed the victim's orange vest but did not tend to the victim's wound, and he then sat and smoked several cigarettes.

Paramedics and police officers arrived and called out to the victim but did not hear a response. Officers had just found the SKS rifle and a backpack when they noticed Wilson standing in the dark. Paramedics located the victim and transported him to a hospital.

Wilson admitted to officers that he shot the victim because the victim was "on all fours and looked just like a deer." Wilson also admitted to shooting the victim in a written statement. He told officers that he did not have a hunting license and that he took four prescription drugs on the day of the shooting. At trial, however, Wilson testified that he shot at a deer that he had been tracking and that the victim must have been injured by "ricochet." He further testified that he did not remove the victim's orange vest.

An investigation at the scene uncovered the spent cartridge from Wilson's .358 rifle. Wilson admitted to carrying a nine-millimeter pistol that police discovered under a pile of leaves.[1] A reconstruction team opined that although it appeared that Wilson had used a scope that magnified his view eightfold, Wilson would have been able to see the victim with his naked eye. They also opined that the victim was approximately 43 yards from where the shot was fired.

1. Wilson argues that the State failed to negate the defense of accident. He contends that there was no criminal scheme, undertaking or intention, and no criminal negligence. "Accident is an affirmative defense whereby a defendant must establish that [he] acted without criminal intent and was not engaged in a criminal scheme, and that [his] actions did not show an utter disregard for the safety of others who might reasonably be expected to be injured thereby." (Citations and punctuation omitted.) *Davis v. State*, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998). Here, the victim observed Wilson pointing the gun in his direction and waved to signal Wilson before the gun was

---

[1] Wilson told the victim's brother that he hid the .30-30 rifle, which was never recovered.

fired. The evidence also showed that Wilson was hunting while on medication that he admitted could cause mental and physical impairment.

The jury also could have considered Wilson's actions after the shooting. Criminal intent is a question for the jury and may be inferred from the accused's conduct, before, during and after the commission of the crime. *Crowder v. State*, 271 Ga. App. 177, 180 (2) (609 SE2d 134) (2004). Here, Wilson removed the victim's orange vest, concealed two weapons, failed to render aid to the victim, and failed to alert paramedics of the victim's location in the woods. Although Wilson denied that he did these acts, the jury was authorized to believe the State's version of events and reject Wilson's claim that the incident was an accident. See, e.g., *Gearin v. State*, 255 Ga. App. 329, 333 (1) (565 SE2d 540) (2002). There was sufficient evidence presented at trial for the jury to find that Wilson's actions exhibited utter disregard for the safety of the victim, thereby negating his defense of accident.

2. Wilson contends that he should be granted a new trial because the jury's verdict is "patently inconsistent and illogical." He argues that the jury was not authorized to find him guilty of aggravated assault because the jury's finding of not guilty on the aggravated battery count eliminated any criminal intent. This contention is without merit, however, as the inconsistent verdict rule has been abolished in Georgia, *Dumas v. State*, 266 Ga. 797, 799 (2) (471 SE2d 508) (1996), and this is not a case of guilty verdicts on mutually exclusive crimes. See id.

3. Wilson argues that the court erred in the manner in which it gave the charge on accident. In its charge to the jury, the court used the phrase "misfortune *and* accident" rather than "misfortune *or* accident." But the court also correctly stated "misfortune *or* accident" in accordance with OCGA § 16-2-2 both before and after the statement complained of, and the record contains no evidence that the jury was misled or confused by the trial court's slip of the tongue. See *Arnold v. State*, 271 Ga. 780, 782 (523 SE2d 14) (1999).

4. The State has moved to dismiss Wilson's appeal for his failure to provide citation to the record or transcript to support his remaining claims of error. See Court of Appeals Rule 25 (c) (3) (i). To this extent, the State's motion has merit. We note that during oral argument of this case, the court pointed to the lack of record and transcript citations in Wilson's brief, and asked appellate counsel to respond to the State's claim that the brief was deficient. Rather than request leave to file an amended brief, counsel stated only that he believed the brief was "sufficient." Because appellate counsel has failed to provide citation to the record or transcript as required by our court rules, we will not consider the remaining claims of error. See id.; *Garrett v.*

*Hanes*, 273 Ga. App. 894, 896, n. 13 (616 SE2d 202) (2005). We have nevertheless reviewed the record and determined that the evidence was sufficient, under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to sustain Wilson's convictions.

The State's motion to dismiss Wilson's appeal is denied.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED APRIL 27, 2006.

*Edwin M. Saginar*, for appellant.

*Timothy G. Madison, District Attorney, Allison T. Mauldin, Robin R. Riggs, Assistant District Attorneys*, for appellee.