## S06A1299. YEAGER v. THE STATE.

(635 SE2d 704)

THOMPSON, Justice.

Rachel Larae Yeager was convicted by a jury of malice murder in connection with the shooting death of Kevin McDonald.[1] On appeal, Yeager asserts that the evidence was insufficient to support her conviction, and she claims that the trial court erred in instructing the jury on criminal negligence. Finding no error, we affirm.

Kevin McDonald was visiting Yeager at the mobile home she occupied with her father. McDonald was killed by a single gunshot to the head, fired from a .22 caliber pump action rifle. Yeager called 911 to report the shooting. She told the responding officer that she had taken the gun to the back porch to shoot at trees, but she was unable to do so because the gun jammed; and when she went back inside the mobile home, the gun accidentally discharged, hitting McDonald. The victim was found on Yeager's bed; the weapon lay on the floor in the doorway to that bedroom.

Yeager was taken to the sheriff's office where she was advised of her *Miranda* rights, executed a waiver and admitted that she had "lied to a degree," altering her account of the events. She told the

---

[1] The shooting occurred on October 3, 2001. A single count indictment was returned on August 27, 2002. Trial commenced on June 1, 2004, and a guilty verdict was returned on June 4, 2004. On the same day, Yeager was sentenced to life imprisonment. A motion for new trial was filed on July 1, 2004, and was denied on February 28, 2006. A timely notice of appeal was filed. The case was docketed in this Court on April 10, 2006, and was submitted for a decision on briefs on July 5, 2006.

officers that she and McDonald had a sexual relationship, and she was upset with him because he was re-enlisting in the Navy; she was unable to tell him of her feelings for him so she gave him a written note which stated: "I am in love with you and I know that it will never be returned in a million years and that is why it hurts. I am sorry, I tried not to, but I couldn't help it"; she asked him to read the note after she left the room; she returned 15 minutes later to find McDonald asleep; she became upset, awoke him and told him to leave; when he would not go, she retrieved her father's rifle, "holding [it] on its side by the barrel with the bottom of the gun toward [her] waist." Yeager claimed that she intended to kill herself; however, the weapon began to slip out of her hand, and as she reached to catch it, it discharged, shooting McDonald.

Several days later, Yeager spoke with another detective, and she changed the details again. After being told that the autopsy showed that the bullet traveled in a downward direction, she stated for the first time that she brought the gun up to her chin when she caught it and it fired accidentally.

1. Yeager submits that the trial court erred in denying her motion for a directed verdict of acquittal.

The evidence showed that Yeager was upset that McDonald was going to re-enlist in the service and leave her. She went to her father's bedroom to get a rifle and carried it to her bedroom. McDonald asked her to put the gun down at least two times, but she refused to comply. She then shot him in the head from a distance of at least 18 inches. She gave the police three different versions of the events. Her first and second versions were refuted by a firearms expert and the supervisor of the criminal investigations division. The jury was authorized to conclude that the evidence of malice murder, though circumstantial, was sufficient to exclude every reasonable hypothesis, save that of the guilt of the accused. OCGA § 24-4-6. In determining sufficiency of the evidence in convictions based on circumstantial evidence, questions of reasonableness are to be decided by the jury and will not be disturbed on appeal unless insupportable as a matter of law. *Roper v. State*, 263 Ga. 201 (1) (429 SE2d 668) (1993).

We hold that the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), for a rational trier of fact to have found Yeager guilty beyond a reasonable doubt of murder with malice aforethought.

2. Yeager submits that the trial court erred in charging the jury on the definition of criminal negligence.

Yeager asserted the defense of accident under OCGA § 16-2-2; the State sought to rule out accident by proving a deliberate and knowing act. OCGA § 16-2-2 provides: "A person shall not be found guilty of any crime committed by misfortune or accident where it

satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence," and the jury was so charged. The pattern instruction on accident likewise tracks the language of OCGA § 16-2-2, but shows the phrase, "criminal negligence," in brackets, indicating that it should be charged when applicable. Council of Superior Court Judges, Suggested Pattern Jury Instructions, Third Ed., Vol. II, p. 35, § 1.41.30 (2005). Yeager claims that by including that phrase in its charge on accident and in giving a separate charge on the definition of criminal negligence, the jury was led to conclude that they could substitute criminal negligence for malice. A similar complaint was considered and rejected in *Sims v. State*, 251 Ga. 877, 878 (2) (311 SE2d 161) (1984), where the Court held:

> The trial court's charge was a correct statement of the law. We do not think the jury would have been misled by the definition of criminal negligence given as part of the charge on accident or misfortune. Rather, the trial court's instruction simply followed OCGA § 16-2-2. . . . Death caused by accident is not a crime. Death caused by criminal negligence is not an accident. The trial court quite properly defined criminal negligence to enable the jury to apply the charge on accident to the facts as they might be found to exist.

See also *Black v. State*, 222 Ga. App. 80, 82 (2) (473 SE2d 186) (1996) (a charge on accident which omits the final phrase, "criminal negligence," is an incomplete statement of the law).

Taken in context, the portion of the charge to which Yeager excepts could not reasonably have confused the jury. The court gave a complete charge on criminal intent, and charged that the crime of murder occurs when one "unlawfully and with malice aforethought, either express or implied, causes the death of another human being." The court followed with the pattern instructions on malice, reiterating that "to constitute murder, the homicide must have been committed with malice." For the foregoing reasons, we find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006.

*Valpey & Parks, Gregory W. Valpey*, for appellant.

*N. Stanley Gunter, District Attorney, Charles W. Smegal, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.