## A06A1761. TUCKER v. THE STATE.
(640 SE2d 310)

MILLER, Judge.

Following a jury trial, Elisa Lee Tucker was convicted of shoplifting. On appeal, she alleges that the trial court erred in failing to instruct the jury as to the law related to prior consistent statements and that her trial counsel was ineffective. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reveals that in July 2004, Tucker and her 12-year-old daughter went to a Sports Authority store in Duluth. They attracted the attention of the store's asset protection agent, who noticed that Tucker's daughter was carrying a medium-sized handbag that appeared to be "very empty." The agent watched as Tucker selected two packages of multicolored socks and her daughter selected two packages of white socks. As Tucker's daughter looked at some clothing, the agent saw Tucker rip the packaging off the multicolored socks and let the packaging fall to the floor.

Tucker's daughter picked out a two-piece outfit and walked with Tucker into a fitting room. When Tucker and her daughter emerged from the fitting room no longer than three minutes later, Tucker was carrying empty clothes hangers and the handbag that Tucker's daughter was carrying was "noticeably larger." Tucker and her daughter walked directly from the fitting room to the front door of the

store, where they were stopped by the agent. Inside the handbag, the agent recovered the two-piece outfit, the multicolored socks (without their packaging), and the white socks.

1. Tucker claims that the trial court erred in failing to, sua sponte, instruct the jury as to the law related to prior consistent statements. We disagree.

Here, Tucker's daughter testified that she, not Tucker, tore the packaging off the multicolored socks.[1] She also claimed that she put the articles of clothing into her handbag without Tucker's knowledge when Tucker left the fitting room to retrieve a larger sized outfit. Similarly, Tucker testified that her daughter had taken sole responsibility for the shoplifting in juvenile court. It is the statement made by Tucker's daughter in juvenile court that Tucker alleges required the court to instruct the jury as to the law related to prior consistent statements.

A criminal defendant is ordinarily required to present written requests for any desired jury instructions. OCGA § 5-5-24 (b). However, "[i]f an affirmative defense is raised by the evidence . . . the trial court must present the affirmative defense to the jury as part of the case in its charge, even absent a request." (Citation and punctuation omitted.) *Watts v. State*, 259 Ga. App. 531, 533 (3) (578 SE2d 231) (2003). "(A)n affirmative defense is one that admits the doing of the act charged but seeks to justify, excuse, or mitigate it." (Citation and punctuation omitted.) *Strickland v. State*, 267 Ga. App. 610, 611 (600 SE2d 693) (2004). Here, Tucker did not present an affirmative defense but rather claimed that her daughter shoplifted without her knowledge.

We have also held that a criminal defendant is relieved of her duty to request a jury instruction "where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. (Cit.)" (Punctuation omitted.) *Yarn v. State*, 265 Ga. 787 (1) (462 SE2d 359) (1995).

Here, the jury heard testimony that Tucker's daughter accepted sole responsibility for the shoplifting both in juvenile court and at her mother's trial. "In a criminal case, the trial court is not required to give an unrequested charge as to any collateral matter[,] and the manner in which the jury should consider the testimony of witnesses is a collateral matter." *Freeman v. State*, 268 Ga. 185, 189 (4) (486 SE2d 348) (1997).

---

[1] When asked why she would have torn the packaging off the multicolored socks but not the white socks, Tucker's daughter said she "[was] not thinking."

The jury did not need to be instructed that it could consider the prior consistent statement of Tucker's daughter as substantive evidence in order to have proper guidelines for determining Tucker's guilt or innocence. See *Kitchen v. State*, 263 Ga. 629, 630 (1) (436 SE2d 645) (1993). As a result, omission of the unrequested charge was not clearly harmful as a matter of law, and the trial court did not err in failing to provide such an instruction to the jury. See *Camphor v. State*, 272 Ga. 408, 414 (6) (b) (529 SE2d 121) (2000).

2. Tucker argues that her trial counsel was ineffective for failing to obtain a transcript of her daughter's testimony in juvenile court for use as a prior consistent statement and failing to request a jury charge as to the law related to prior consistent statements. We disagree.

To prove ineffective assistance, Tucker was required to show that counsel's performance was deficient and that this deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Here, even assuming that trial counsel's performance was deficient,[2] evidence supported the trial court's finding that the outcome of the trial would not have been different even if Tucker's counsel had obtained the juvenile court transcript and requested the jury charge on prior consistent statements.

As stated above, Tucker's daughter testified that she shoplifted without her mother's knowledge, and Tucker testified as to her daughter's prior consistent statement made in juvenile court. The jury was presented with sufficient evidence to understand that Tucker's daughter claimed sole responsibility for the crime. Such testimony was contradicted, however, by the store's asset protection agent, who claimed it was Tucker who ripped the multicolored socks from their packaging and who emerged from the fitting room with the empty clothes hangers. While the juvenile court transcript was not included by Tucker with the record, it seems unlikely that such transcript or a jury charge on prior consistent statements would have caused the jury to reject the testimony of the store's asset protection agent. See *Jones v. State*, 263 Ga. 835, 838 (2) (439 SE2d 645) (1994). As a result, the trial court's determination that Tucker failed to establish ineffective assistance was not clearly erroneous.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

---

[2] We note that trial counsel successfully prevented the State from introducing evidence that Tucker previously admitted to the shoplifting and that the jury was not informed that Tucker had several prior convictions for shoplifting.

DECIDED NOVEMBER 17, 2006 —
RECONSIDERATION DENIED DECEMBER 8, 2006 —

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer,* for appellant.

*Gerald N. Blaney, Jr., Solicitor-General, Rosanna M. Szabo, Sharon C. Dickson, Assistant Solicitors-General,* for appellee.