## A07A2509. WATKINS v. THE STATE.
### (658 SE2d 812)

JOHNSON, Presiding Judge.

Audis Watkins was charged with aggravated battery and cruelty to children after his girlfriend's 23-month-old daughter sustained severe burns to her lower body while in his care. Watkins testified that he had filled the bathtub with hot water in order to bathe the child and that, when he went to the kitchen to tend to dinner, the child ended up in the bathtub. Expert testimony indicated that the child's burns were not consistent with Watkins' story, but were consistent with the child having been immersed in hot water. Watkins appeals from the judgment of conviction entered on the verdict, claiming the trial court made two errors in its charge to the jury. The contentions are without merit, so we affirm.

1. Watkins contends the court erred by failing to correctly charge the jury on the law of prior consistent statements. This argument presents no grounds for reversal.

The court charged the jury:

> Prior consistent statement. Should you find that any witness has made any other statement *on the witness stand* consistent with *another* witness' testimony from the witness stand and that such prior consistent statement is material to the case and the witness' testimony, then you are authorized to consider that other statement as substantive evidence in the case.

(Emphasis supplied.)

Watkins urges the court should have instead given this charge:

> Should you find that any witness has made another statement consistent with *that* witness' testimony from the witness stand and that such prior consistent statement is

material to the case and the witness' testimony, then you are authorized to consider that other statement as substantive evidence in the case.

(Emphasis supplied.)

Watkins argues that, as given, the court wrongly instructed the jury that it could not consider his out-of-court consistent statements regarding how the child got burned unless another witness corroborated his statements on the witness stand. We disagree.

At the outset, we note that Watkins did not request a charge on prior consistent statements. In a criminal case, the trial court is not required to give an unrequested charge as to any collateral matter.[1] The manner in which the jury should consider the testimony of witnesses is a collateral matter.[2] The jury did not need to be instructed that it could consider Watkins' prior consistent statements as substantive evidence in order to have proper guidelines for determining his guilt or innocence.[3] As a result, the court's failure to give verbatim the unrequested charge on prior consistent statements was not clearly harmful as a matter of law.[4]

Furthermore, the charge as given is nearly identical to the charge Watkins says should have been given. It is apparent from the charge as a whole and the hearing on the motion for a new trial that the trial court's use of "another" instead of "that," and addition of "on the witness stand" were misstatements, or palpable "slips of the tongue."[5] The charge given did not, as Watkins maintains, instruct the jury that it could not consider his prior consistent statements to others unless another witness corroborated those statements with testimony on the witness stand. Nor did it otherwise discredit his testimony.[6] The jury was thoroughly instructed regarding witness credibility and the burden of proof, and was given a copy of the written instructions during deliberations. Accordingly, we are satisfied that the jury could not have been misled or confused and conclude that any error in this regard was harmless.[7]

---

[1] *Tucker v. State*, 282 Ga. App. 807, 808 (1) (640 SE2d 310) (2006).

[2] Id.

[3] Id. at 809 (1).

[4] See id.

[5] See *Arnold v. State*, 271 Ga. 780, 782 (523 SE2d 14) (1999).

[6] Compare *Brandon v. State*, 241 Ga. App. 887, 888-890 (2) (528 SE2d 809) (2000) (charging jury that it was "not bound to believe testimony as to facts incredible, impossible or inherently improbable" was improper and incomplete statement of the law, misleading jury into believing there was incredible, impossible or inherently improbable testimony; since alibi was appellant's sole defense and the charge tended to discredit his testimony, error was not harmless) (punctuation omitted).

[7] See generally *Arnold*, supra.

2. Watkins complains that, while charging the jury on the defense of accident, the court instructed the jury that it could only acquit him if the evidence showed that the incident was *not* a result of criminal negligence. He argues that by including the "criminal negligence" language without defining that term, the jury was effectively instructed that it could convict him of aggravated battery and cruelty to children if he simply acted with criminal negligence. Actually, he urges, the law requires more than criminal negligence for these crimes — it requires malice or criminal intent. According to Watkins, this instruction unlawfully lessened the state's burden of proof regarding malice. He adds that, even without a request, the court erred in not defining criminal negligence when it gave its charge on accident.[8] We disagree.

The trial court instructed the jury that:

> No person shall be found guilty of any crime committed by misfortune or accident in which there is no criminal scheme, undertaking, or intention. An accident is an event that takes place without one's foresight or expectation, that which takes place or begins to exist without design. *If you find from the evidence in this case that the incident that is the subject matter of this case occurred as a result of misfortune or accident and not as a result of a criminal undertaking or criminal negligence, then it would be your duty to acquit the defendant.*

The trial court's charge on accident closely follows the language of OCGA § 16-2-2, which provides that a person "shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." It also tracks precisely the Suggested Pattern Jury Instructions.[9] We note that, in his request to charge, Watkins expressly requested the "most recent suggested pattern jury instructions regarding . . . Accident."

The court's charge was a correct statement of the law. In fact, a charge on accident which omits the phrase "criminal negligence" is an incomplete statement of the law.[10] The cases relied upon by Watkins hold that the trial court *did not err* in including an instruction on

---

[8] Criminal negligence involves reckless and wanton negligence of such character as to show utter disregard for safety of others who might reasonably be expected to be injured thereby. *Keye v. State*, 136 Ga. App. 707, 708 (1) (222 SE2d 172) (1975).

[9] Vol. II, § 3.50.10 (4th ed. 2007).

[10] *Yeager v. State*, 281 Ga. 1, 3 (2) (635 SE2d 704) (2006).

criminal negligence along with an instruction on accident.[11] They do not hold that the trial court commits reversible error when it fails to include a definition of criminal negligence with an accident instruction.[12]

Taken in context, the jury charge did not diminish the state's burden of proving all elements of the crimes charged beyond a reasonable doubt.[13] In addition to the portion of the charge discussed above, the trial court instructed the jury that: intent is an essential element of any crime; the state must prove intent beyond a reasonable doubt; the defendant is not presumed to act with criminal intent; where the defense of accident is raised, the state has the burden to disprove it beyond a reasonable doubt; the offenses of aggravated battery and cruelty to children require a finding of malice; and malice requires actual intent to cause the harm produced. Under the circumstances, Watkins has shown no basis for reversal.[14]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MARCH 4, 2008 — 

*Brian Steel*, for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.

---

[11] See id.; *Sims v. State*, 251 Ga. 877, 878 (2) (311 SE2d 161) (1984).
[12] See *Yeager*, supra; *Sims*, supra.
[13] See *Yeager*, supra; *Henderson v. State*, 252 Ga. App. 295, 300 (2) (c) (556 SE2d 204) (2001).
[14] See *Henderson*, supra.