## A93A0368. BURKE v. THE STATE.
### (430 SE2d 816)

Andrews, Judge.

Bennie Lorenzo Burke was convicted by a jury of two counts of child molestation, one count of aggravated child molestation, and one count of aggravated sexual battery for acts committed against C. B. and P. B., sisters, ages seven and five. He appeals his conviction for aggravated sexual battery against C. B., and his conviction for one count of child molestation against P. B.

1. Burke was indicted for the offense of aggravated sexual battery charging that he intentionally penetrated the sexual organ of C. B. with a foreign object, to wit: his finger. Under OCGA § 16-6-22.2 (b), "[a] person commits the offense of aggravated sexual battery when he intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." Subsection (a) of the statute provides: "For the purposes of this Code section, the term 'foreign object' means any article or instrument other than the sexual organ of a person." There was evidence that Burke penetrated the sexual organ of C. B. with his finger. Nevertheless, Burke claims the trial court should have granted his motion for a directed verdict of acquittal on the charge of aggravated sexual battery because a finger is not a "foreign object" within the meaning of OCGA § 16-6-22.2.

Although the statute does not specifically define a finger as a "foreign object," we conclude the Legislature clearly intended to include penetration by a finger in the conduct proscribed by the statute. "Penal laws should be construed strictly, but they should not be so construed as to defeat the obvious intention of the General Assembly." (Citations and punctuation omitted.) *Stubbs v. State*, 193 Ga. App. 342, 343 (387 SE2d 619) (1989). In adding the offenses of sexual battery (OCGA § 16-6-22.1), and aggravated sexual battery (OCGA § 16-6-22.2) in 1990, the Legislature obviously intended to impose specific enhanced penalties on a class of sexual offenses which were previously treated only as simple battery. To limit the definition of "foreign object" to inanimate articles or instruments, and exclude therefrom a human appendage such as a finger, as urged by appellant, would apply the statute illogically in a manner which fails to address the very type of sexual offense the Legislature intended to include. Moreover, it would fail to consider the meaning of the term "foreign object" in reference to other words associated with it in the statute, which provides that, " 'foreign object' means *any article or instrument other than the sexual organ of a person.*" (Emphasis supplied.) OCGA § 16-6-22.2 (a). Under the maxim, noscitur a sociis, the meaning of words or phrases in a statute may be ascertained " 'from others with which they are associated and from which they cannot be separated without impairing or destroying the evident sense they were

designed to convey in the connection used.' *Mott v. Central R.*, 70 Ga. 680, 683 (1883)." *Saleem v. Board of Trustees &c.*, 180 Ga. App. 790, 791 (351 SE2d 93) (1986). When read in conjunction with the phrase "any article or instrument other than the sexual organ of a person," it is clear the term "foreign object" includes not only inanimate articles or instruments, but also a person's body part, other than a sexual organ, such as a finger. The trial court did not err in denying appellant's motion.

2. Burke claims the evidence was insufficient to support his conviction on the charge that he molested P. B. by placing his penis in contact with her vagina. OCGA § 16-6-4 (a). Evidence showed that both P. B. and C. B., who lived together with their mother, contracted the sexually transmitted diseases gonorrhea and chlamydia at about the same time. Burke lived with the children's mother during a period of time immediately prior to the discovery that the children had contracted the diseases. C. B., age seven, identified Burke as her abuser, but, despite her contraction of the diseases, P. B., age five, never testified or otherwise told anyone that Burke or any other person had sexually abused her. Other testimony revealed that Burke gave a statement to police in response to being questioned if he ever penetrated P. B. with his penis, or touched her vagina with his penis. He responded that when P. B. sat in his lap, when he had no clothes on, it was possible, but unlikely, that his penis penetrated her, and it was possible his penis touched her vagina. The direct and circumstantial evidence was sufficient for a rational trier of fact to find Burke guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 5, 1993.

*Charles R. Sheppard*, for appellant.

*Michael C. Eubanks, District Attorney, J. Wade Padgett, Assistant District Attorney*, for appellee.