## A98A1726. BURRAGE v. THE STATE.
### (508 SE2d 190)

Judge Harold R. Banke.

Melvin Burrage was convicted of four counts of child molestation. In his sole enumeration of error, he challenges the sufficiency of the evidence.

The case arose after the victim's mother left the seven-year-old victim, her five-year-old sister, and another five-year-old with Burrage, a family friend. Although the children were to spend the night, they insisted on coming home after remaining with Burrage for several hours. The victim appeared withdrawn and disobedient on her return. After she was caught smoking a cigarette, her mother arranged for her to telephone her grandmother. During that conversation, the victim claimed that Burrage taught her to smoke and had "messed" with her.

The victim testified that the evening she, her sister and her friend stayed with Burrage, he made her smoke, took her into his bedroom and touched her chest, buttocks, and vagina. She also stated that he stuck "his thing in mine" and his tongue in her mouth. When he was finished, she felt "sad and stuff" and asked to go home. The victim's sister testified that when the victim came back into the living room she was crying and asked to go home. *Held*:

The evidence, viewed in the light most favorable to the verdict,

was sufficient to permit the trier of fact to find all the essential elements of the crimes. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The pertinent elements of child molestation are (1) performing an immoral or indecent act (2) to or in the presence of or with any child under the age of 16 (3) with the intent to arouse or satisfy the sexual desires of either the child or the perpetrator. OCGA § 16-6-4 (a).

The victim's testimony that Burrage touched her breast, buttocks, and vagina with his hand and inserted his penis in her vagina was sufficient to establish each element of every crime charged. In actuality, Burrage seeks a reweighing of the evidence. The law will not permit this. *Smith v. State*, 226 Ga. App. 150, 152 (2) (485 SE2d 538) (1997).

Notwithstanding Burrage's argument to the contrary, Georgia law does not require corroboration of a child molestation victim's testimony. *Gable v. State*, 222 Ga. App. 768, 770 (1) (476 SE2d 66) (1996). Moreover, the testimony of the victim's social worker, mother, grandmother, and sister corroborates her statements sufficiently to meet the corroboration requirements set for other crimes. See *Parkerson v. State*, 265 Ga. 438 (2) (457 SE2d 667) (1995). We need not reach Burrage's contention that the four charges should have been merged because that argument was not enumerated as error. *Guest v. State*, 229 Ga. App. 627, 628 (1) (494 SE2d 523) (1997) (appellants may not enlarge their enumerations through their briefs); but see *Culver v. State*, 230 Ga. App. 224, 234 (13) (496 SE2d 292) (1998); *King v. State*, 209 Ga. App. 529, 532 (4) (433 SE2d 722) (1993).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 21, 1998.

*Gregory S. Dickson*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.