A03A1895. MORGAN v. THE STATE.
(587 SE2d 177)

BLACKBURN, Presiding Judge.

Following a jury trial, Elduvall Morgan appeals his conviction for possession of marijuana with intent to distribute, OCGA § 16-13-30, contending that: (1) the evidence was insufficient to support the verdict and (2) the State improperly withheld exculpatory evidence in violation of his due process rights under *Brady v. Maryland*.[1] For the reasons set forth below, we affirm.

1. Morgan contends that the evidence was insufficient to support the verdict. We disagree.

> On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Morgan] no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the verdict will be upheld.

*Moore v. State*.[2] See also *Jackson v. Virginia*.[3]

Viewed in this light, the record shows that, on the evening of August 31, 2001, Morgan was riding as a passenger in the car of his co-defendant, Raymond Lamont Jackson III. Deputy David Fletcher

---

[1] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

[2] *Moore v. State*, 254 Ga. App. 134 (561 SE2d 454) (2002).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

observed that one of Jackson's headlights was not working and stopped the vehicle. Jackson did not have a valid driver's license, and Deputy Fletcher arrested him for driving without a license.

Following Jackson's arrest, the car was impounded, and Morgan was asked to exit the vehicle. During a pat-down search, Deputy Fletcher found $556 in Morgan's pocket, mainly in denominations of $20, $10, and $5. Shortly thereafter, an inventory search was performed on the vehicle. In the trunk of the car, among other things, officers found bags of clothes, a stereo, three car rims, and a plastic sack containing 3.8 pounds of marijuana. At that point, both Jackson and Morgan were placed under arrest for possession of marijuana with intent to distribute.[4]

At trial, both Jackson and Morgan testified and denied ownership or knowledge of the marijuana. Jackson stated, however, that, on the evening of the arrest, he had allowed Morgan to place a number of personal items in the trunk of his car, including the clothes, stereo, and car rims. Jackson's car was new, and he indicated that, prior to that time, nothing had been placed in the trunk of the car, thereby implicating Morgan as the owner of the marijuana.

This evidence was sufficient to support Morgan's conviction. See *Jackson*, supra. Morgan's contention that there was no evidence supporting a finding that he was in possession of the marijuana is unfounded. In this case, the jury could infer that Morgan was at least in constructive possession of the marijuana from the evidence that he had placed a number of items in the trunk of the car and that he had a large amount of cash in his pocket in small denominations. See, e.g., *Eason v. State*.[5]

2. Morgan contends that he was denied a fair trial because the State improperly withheld a post-arrest videotaped interview of Jackson in violation of his due process rights set forth in *Brady*.

The record shows that, after their arrests, both Jackson and Morgan were briefly interviewed by police, and the interviews were videotaped. The tapes of these interviews were then placed in a box along with other evidence in the case; however, the officer handling the evidence failed to note the existence of these videotapes on the evidence sheet. The State, as a result, only became aware of these tapes after the boxes were opened during trial, and the prosecutor, who was unaware of the significance of the tapes, failed to notify the defendants about them. It is undisputed that the State acted without wilful misconduct with regard to the interviews.

Morgan now contends that the State's failure to produce Jack-

---

[4] On appeal, Morgan does not challenge the propriety of the stop of Jackson's car or any of the ensuing searches.

[5] *Eason v. State*, 234 Ga. App. 595 (507 SE2d 175) (1998).

son's videotaped interview violated his due process rights. In order to establish a due process violation due to the State's failure to provide exculpatory material under *Brady*, Morgan must show that:

> (1) the State possessed evidence favorable to the defense; (2) the defense did not possess the evidence and could not obtain it with reasonable diligence; (3) the prosecution suppressed the favorable evidence; (4) the defense was denied access to such evidence during trial; (5) the disclosure would have benefitted the defense by providing evidence for the defense or impeaching prior inconsistent statements; and (6) the denial deprived the defendant of a fair trial, i.e., a reasonable probability that the outcome of the proceedings would have been different had disclosure been made.

*Riley v. State.*[6] Morgan has failed to carry his burden of showing a *Brady* violation under this standard.

Even if we assume that Morgan has satisfied the first five prerequisites listed above, he has not shown on appeal that the improper suppression of Jackson's videotape denied him a fair trial. Morgan argues obtusely in his brief that Jackson's interview was inconsistent with his trial testimony, without stating a single inconsistency or supporting any such inconsistency with a citation to the record. This Court has repeatedly held that it is not the function of this Court to cull the record on behalf of a party. See Court of Appeals Rule 27 (c). For this reason alone, Morgan has failed to satisfy his burden on appeal.

Moreover, we have reviewed both Jackson's trial testimony and the testimony from his videotaped interview, and we have found no evidence which would have likely resulted in a different outcome at trial. With regard to the ownership of the marijuana, Jackson gave similar testimony both in his interview and at trial. In both cases, Jackson denied ownership of the marijuana; however, he stated that the car belonged to him and he would have to take responsibility for his car and its contents. Therefore, at all times, contrary to Morgan's contentions, Jackson denied ownership of the marijuana. Accordingly, his due process claims on appeal lack merit.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED SEPTEMBER 2, 2003.

*Cynthia G. Morris*, for appellant.

---

[6] *Riley v. State*, 251 Ga. App. 64, 67 (2) (553 SE2d 374) (2001).

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Erik J. Pirozzi, Assistant District Attorneys*, for appellee.