A04A1092. PATE v. THE STATE.
(605 SE2d 90)

MIKELL, Judge.

A Bartow County jury convicted Barry Pate of three counts of aggravated sexual battery, sexual battery, theft by taking, impersonating an officer, obstructing an officer, and hindering an officer. On appeal, Pate argues that his trial counsel was ineffective and challenges the sufficiency of the evidence as to his aggravated sexual battery convictions. Pate also contends that the state failed to provide him exculpatory evidence, that the trial court's instruction to the jury on the weight of the evidence was erroneous, and that his sentence is void because the state failed to give notice of the prior conviction utilized to enhance his punishment. We affirm the judgment of the trial court but vacate Pate's sentence.

> On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence. This court does not weigh the evidence or determine witness credibility, but only determines whether the evidence, viewed in the light most favorable to the jury's verdict, is sufficient under

*Jackson v. Virginia.*[1] We uphold the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

Viewed in this light, the evidence shows that on or about May 20, 2001, several teenagers rented two rooms at a motel to celebrate the end of the school year. Pate, who posed as an undercover officer, entered the room and told the teenagers that he would not bother them if they gave him any alcohol or drugs that they possessed. He entered the room a second time approximately an hour later and informed them that he was going to have to pat them down for drugs and conduct a cavity search. Pate searched the boys first, then the girls. The female witnesses testified that Pate sexually battered them.

B. B., who was eight-and-a-half months pregnant at the time, was the first female searched. She testified that Pate called her into the bathroom and made her put her hands on the shower rail; that he had on a rubber glove; that he made her pull down her pants and inserted his finger into her vagina, her anus, and touched her breasts. Pate then searched E. F., who was in the same room as B. B. E. F. testified that Pate unbuttoned and pulled down her pants and underwear; that he placed his fingers into her vagina and touched her breasts. Pate called her back into the bathroom shortly thereafter and repeated the same actions.

N. K. was searched in the other room. She testified that Pate also told her to come into the bathroom with him and to place her hands on the shower bar, that he inserted his bare finger into her vagina, then placed a latex glove on his right hand and penetrated her again with his finger; and that he felt around on the inside of her bra, touching her skin. N. K. also recalled that Pate left the latex glove in the room, which she later retrieved and gave to the police. After searching N. K., Pate also dumped the contents of her purse onto a table, then appeared to radio her driver's license number to someone. Before leaving the room, Pate took their cooler of beer. After Pate exited, N. K. called the police.

Deputy Michael Conner of the Bartow County Sheriff's Office responded to the call. Deputy Conner testified that he interviewed each individual separately; that they all gave him a similar description of the perpetrator and his car; that he located the suspect in the parking lot of an adjacent hotel; that he questioned him and determined that he was the perpetrator; that when he told Pate to turn

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] (Footnotes omitted.) *Brewster v. State,* 261 Ga. App. 795 (1) (584 SE2d 66) (2003).

around so that he could handcuff him, Pate turned around and swung at him and a fight ensued; and that Pate ran away. Deputy Conner also testified that Pate dropped his car keys during the struggle. Deputy Conner searched the car and found a cooler of beer and the car title, which led him to Pate.

Investigator Billy Henson of the Bartow County Sheriff's Office testified that he interviewed Pate, who waived his *Miranda* rights. Pate admitted that he went to the teenagers' rooms twice, once to quiet them down and the next, to pat them down, but stated that he patted them down on the outside of their clothing.

1. In his first enumerated error, Pate argues that his trial counsel was ineffective because he failed to fully investigate the case, did not object to the introduction of the glove into evidence, and was not familiar with the recidivist statutes. "To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies."[3] "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous."[4] Bearing these principles in mind, we find no merit to Pate's claims.

The only argument that Pate raised on the issue of his trial counsel's ineffectiveness at the hearing on his motion for new trial was that trial counsel could not effectively cross-examine the witnesses and victims and challenge their credibility because he did not talk to them before trial. Though Pate's trial counsel did not testify at the hearing, Pate's counsel represented that trial counsel did interview the witnesses. Nonetheless, in the absence of a proffer showing what further investigation or communication would have revealed, "[Pate] cannot meet his burden of making 'an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case.' "[5]

The remaining arguments raised on appeal regarding trial counsel's ineffectiveness were not raised below. "It is well settled that the arguments underlying a claim for ineffective assistance of counsel must be raised before appeal at the first opportunity, usually on motion for new trial, and the failure to seize that opportunity is a

---

[3] (Citations omitted.) *Hardegree v. State*, 230 Ga. App. 111, 113 (4) (495 SE2d 347) (1998).

[4] (Citation and punctuation omitted.) *Williams v. State*, 234 Ga. App. 191, 193 (2) (506 SE2d 237) (1998).

[5] (Footnote omitted.) *Villegas v. State*, 262 Ga. App. 55, 57 (3) (b) (584 SE2d 666) (2003).

procedural bar to raising that issue at a later time."[6] Accordingly, this error fails.

2. Pate next argues that the evidence was insufficient because there was no corroboration of the victims' testimony that they were penetrated. We disagree.

A person who utilizes his finger to intentionally penetrate the sexual organ of another person without that person's consent commits the offense of aggravated sexual battery.[7] Three victims testified that Pate penetrated them with his finger without their consent. Each victim's testimony, alone, was sufficient to support Pate's conviction as corroboration is not required in an aggravated sexual battery case.[8] Pate's contention that he is entitled to a new trial because the victims' testimony was contradicted by his statement as testified to by Investigator Henson does not warrant a different result. "[I]t was for the jury to assess the credibility of the witnesses, resolve any conflicts in the evidence, and arrive at a determination of the facts."[9]

Pate also argues that he is entitled to a new trial because the state failed to provide the glove to him for scientific analysis. Pate provides no citation to authority in support of his argument but simply maintains that the state's failure to provide the glove prejudiced his case. His argument fails.

In order to establish that his due process rights were violated by the state's failure to provide exculpatory material, Pate must show that:

> (1) the [s]tate possessed evidence favorable to the defense; (2) the defense did not possess the evidence and could not obtain it with reasonable diligence; (3) the prosecution suppressed the favorable evidence; (4) the defense was denied access to such evidence during trial; (5) the disclosure would have benefitted the defense by providing evidence for the defense or impeaching prior inconsistent statements; and (6) the denial deprived the defendant of a fair trial, i.e., a reasonable probability that the outcome of the proceedings would have been different had disclosure been made.[10]

---

[6] (Punctuation and footnote omitted.) *Doss v. State*, 264 Ga. App. 205, 207 (2) (590 SE2d 208) (2003).

[7] See OCGA § 16-6-22.2 (b); *Burke v. State*, 208 Ga. App. 446 (1) (430 SE2d 816) (1993) (a finger is a "foreign object" within meaning of aggravated sexual battery statute).

[8] *Falak v. State*, 261 Ga. App. 404-405 (1) (583 SE2d 146) (2003).

[9] (Citations omitted.) *Jones v. State*, 272 Ga. 154, 155 (1) (527 SE2d 543) (2000).

[10] (Citation and footnote omitted.) *Morgan v. State*, 263 Ga. App. 32, 34 (2) (587 SE2d 177) (2003).

As Pate has not made any of these showings, his argument fails.

3. Pate contends that the trial court failed to instruct the jury on the weight of the evidence. Specifically, he argues that the trial court was required to charge the jury that the victims' testimony needed slight corroboration. As discussed in Division 2, corroboration is not required in an aggravated sexual battery case; thus, this error fails as well.

4. Lastly, Pate argues that his sentence of life without parole is void because he had no notice of the prior conviction used to enhance his sentence.[11] The facts pertinent to this error follow.

The state filed a notice of intent to present matters in aggravation on November 9, 2001, which stated that upon Pate's conviction, it would ask the court to sentence Pate in accordance with OCGA § 17-10-7. During the trial of the matter, the state located a prior conviction of armed robbery, which was not listed on the notice. Pate learned of the state's intent to use the armed robbery conviction after the verdict was rendered. Defense counsel argued during the pre-sentence hearing that Pate may have accepted a plea had he known that this particular conviction would be utilized for recidivist purposes. The trial judge sentenced Pate to life without parole, stating that pursuant to OCGA § 17-10-7 (b) (2), he had no discretion to do otherwise since this was Pate's second conviction of a serious violent felony, as defined in OCGA § 17-10-6.1 (a). We disagree and vacate Pate's sentence.

OCGA § 17-10-2 (a) provides that in pre-sentence hearings,

> the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or nolo contendere of the defendant, or the absence of any prior conviction and pleas, provided that only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible.

Therefore, the state must give a defendant affirmative notice that his prior felony offenses will be used against him for recidivist purposes during sentencing.[12] "The absence of proof of [such] affirmative notice

---

[11] The state did not address this enumeration of error in its appellate brief.

[12] *State v. Freeman*, 198 Ga. App. 553, 556-557 (3) (402 SE2d 529) (1991). See also *Van Voltenburg v. State*, 138 Ga. App. 628, 633 (5) (227 SE2d 451) (1976) (trial court's use of pre-sentence report to impose maximum sentence without giving defendant notice of same is prohibited).

. . . is a defect fatal to maximum felony sentencing."[13] Here, the state failed to give notice of the armed robbery conviction until after the verdict was rendered, and the armed robbery conviction was the basis for the sentence of life without parole on the aggravated sexual battery convictions. Accordingly, we vacate Pate's sentence on the aggravated sexual battery convictions and remand the case for proceedings not inconsistent with OCGA §§ 17-10-7 (c) and 17-10-2 (a).

*Judgment affirmed. Sentence vacated and case remanded. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 22, 2004 — ■■■■■■■■■■■■

*Mary F. McCord*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Gregory S. Dickson, Assistant District Attorneys*, for appellee.

---

[13] (Citations omitted.) *Ross v. State*, 210 Ga. App. 455, 459 (4) (436 SE2d 496) (1993).