## A07A0025. BOYT v. THE STATE.
(649 SE2d 589)

MIKELL, Judge.

Following a jury trial, Tony James Boyt was found guilty of false imprisonment, aggravated sexual battery, and sexual battery. He was acquitted of criminal attempt to commit rape. He appeals the denial of his amended motion for new trial, enumerating as error that his trial counsel rendered ineffective assistance; that the evidence was insufficient to support his conviction for aggravated sexual battery; and that the trial court improperly instructed the jury on prior consistent statements. For the reasons set forth below, we affirm.

1. Boyt argues that the evidence presented at trial was insufficient to support his conviction for aggravated sexual battery.[1] We do not agree.

> On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence. This court does not weigh the evidence or determine witness credibility, but only determines whether the evidence, viewed in the light most favorable to the jury's verdict, is sufficient under *Jackson v. Virginia*.[2] We uphold the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]

Viewed in the light most favorable to the jury's verdict, the record shows that the victim went to Boyt's house about 8:30 p.m. on March 14, 2003, in order to use the tanning bed he had in his garage, as she had done in the past. She testified that she was getting dressed after using the tanning bed when Boyt came in behind her and put his arms around her waist. As she protested and attempted to push his hands away, he reached into her underwear and inserted his fingertips into her vagina; then he pinned her arms at her side and kissed her breasts while she urged him to stop and screamed for his son to come

---

[1] OCGA § 16-6-22.2 (b) ("A person commits the offense of aggravated sexual battery when he or she intentionally penetrates with a foreign object the sexual organ . . . of another person without the consent of that person").

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] (Footnote omitted.) *Pate v. State*, 269 Ga. App. 684-685 (605 SE2d 90) (2004).

help her. Finally, she bit him on the shoulder,[4] whereupon he released her and went back inside the house. The victim quickly drove away. That evening she reported the attack to the police.

"A person who utilizes his finger to intentionally penetrate the sexual organ of another person without that person's consent commits the offense of aggravated sexual battery."[5] At trial, the victim testified as follows:

Q. Did [Boyt] ever put his fingers inside of your vagina?
A. Not completely, no.
Q. Did any portion . . . of his fingers go inside of you?
A. The tips, I think.

Boyt asserts that this testimony is too uncertain to support his conviction for aggravated sexual battery. Under the appellate standard of review, however, "[i]t is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence."[6] In general, the testimony of a single witness is sufficient to establish a fact.[7] Corroboration is not required in an aggravated sexual battery case;[8] even if it were, the bite mark on Boyt's shoulder provides sufficient corroboration.[9] Accordingly, we conclude that the evidence is sufficient to support the jury's verdict that Boyt was guilty beyond a reasonable doubt of aggravated sexual battery.

2. In four enumerations of error, Boyt claims that he received ineffective assistance of counsel at trial. In order to succeed on this claim, he must satisfy the two-prong test set forth in *Strickland v. Washington*:[10] first, he must prove that counsel's performance was deficient; second, he must show that counsel's deficient performance so prejudiced the defense that there is a reasonable probability that the outcome of the trial would have been different but for that deficiency.[11] "Failure to satisfy either prong of this test is fatal to an ineffective assistance claim, and we need not address the deficient

---

[4] A photograph of Boyt's shoulder showing a bite mark was identified by the victim and introduced into evidence at the trial.

[5] (Footnote omitted.) Id. at 687 (2); accord *Burke v. State*, 208 Ga. App. 446 (1) (430 SE2d 816) (1993) (a finger is a "foreign object" within the meaning of OCGA § 16-6-22.2 (b)).

[6] *Thompson v. State*, 281 Ga. App. 627, 629 (1) (636 SE2d 779) (2006).

[7] See OCGA § 24-4-8.

[8] *Falak v. State*, 261 Ga. App. 404, 405 (1) (583 SE2d 146) (2003).

[9] See *Reece v. State*, 241 Ga. App. 809, 810 (527 SE2d 642) (2000) ("slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury") (punctuation and footnote omitted).

[10] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[11] *Glass v. State*, 255 Ga. App. 390, 400-401 (10) (565 SE2d 500) (2002); *Strickland,* supra at 687 (III).

performance prong if the showing on the prejudice prong is insufficient."[12] Moreover, Boyt "must overcome the strong presumption that his counsel's performance fell within the broad range of reasonable professional conduct and that his counsel's decisions were made in the exercise of reasonable professional judgment."[13] In reviewing a claim of ineffective assistance,

> [w]e will not reverse . . . unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result. Absent clear error and harm, we will affirm the trial court's finding that [Boyt] did not receive ineffective assistance of counsel.[14]

(a) In his first two enumerations of error, Boyt contends that his trial counsel provided ineffective assistance by failing to object to the admission of prior consistent oral and written statements made by the victim: first, the testimony of Jeff Turner, a sheriff's office investigator, concerning statements made to him by the victim during an interview conducted on the day of the attack, March 14, 2003; and second, the victim's handwritten statement of March 15, 2003, admitted on the state's motion after Boyt's trial counsel had cross-examined the victim based on that statement.

Although such prior consistent statements are generally admissible only where the witness's veracity has been attacked in certain specific ways,[15] trial counsel testified at the new trial hearing that he chose not to object to these statements as part of his trial strategy to demonstrate the inconsistencies in the stories presented by the victim at different times, as well as to show the contrast between the victim's version of events and Boyt's. He also testified that he discussed the trial strategy with Boyt on more than one occasion before the trial began. "With the benefit of hindsight, it would appear that [trial counsel's] strategy may have backfired. But that is not to say that it was ineffective."[16] Such trial tactics and strategy are not

---

[12] (Footnote omitted.) *Pringle v. State*, 281 Ga. App. 230, 234 (2) (635 SE2d 843) (2006).

[13] (Footnote omitted.) *Glass*, supra at 401 (10).

[14] (Footnotes omitted.) Id.

[15] See *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998); accord *Baugh v. State*, 276 Ga. 736, 738 (2) (585 SE2d 616) (2003). But see *Bowers v. State*, 241 Ga. App. 122, 124 (3) (526 SE2d 163) (1999) (using statutory definition of hearsay, Court ruled that out-of-court statements made by a witness are not hearsay and therefore are admissible; Court did not address issue of bolstering). See discussion in Division 3, infra.

[16] (Punctuation omitted.) *Mealor v. State*, 266 Ga. App. 274, 281 (e) (596 SE2d 632) (2004), citing *Phillips v. State*, 277 Ga. 161, 163 (b) (587 SE2d 45) (2003) ("The Constitution does not

susceptible to attacks of ineffective assistance;[17] therefore, this enumeration is without merit.

(b) Boyt argues that his trial counsel rendered ineffective assistance in failing to object to opinion testimony from investigator Turner concerning ultimate issues of fact. Turner testified that, on the evening of the attack, the victim told him that "Boyt had attempted to rape her, had held her against her will, had kept her from leaving his residence[, h]ad placed his fingertips inside of her vagina and had fondled her breasts with his hands." At the new trial hearing, trial counsel testified that he did not object to Turner's testimony because he had determined as part of his trial strategy not to object to the victim's prior statement, as discussed above in Division 2 (a). It is well settled that "the credibility of a witness is to be determined by the jury, and the credibility of a victim may not be bolstered by the testimony of another witness";[18] nonetheless, "the law does not mandate that trial counsel object when the prosecutor poses a question that allegedly violates that rule. . . . [T]he decision of whether to interpose certain objections is a matter of trial strategy and tactics."[19]

Moreover, even if trial counsel's failure to object to this testimony amounted to deficient performance, this testimony was not so significant as to have contributed to the jury's verdict, in light of the victim's testimony and the physical evidence presented, i.e., the bite mark.[20] Thus, Boyt has failed to show a reasonable probability that the result of the trial would have been otherwise but for trial counsel's failure to object.

(c) Boyt alleges that trial counsel was ineffective in failing to object to hearsay testimony concerning a statement made by Boyt's son, Talmadge ("Tal"), who was not called as a witness at trial. The victim testified that, when she screamed for help, Boyt told her that Tal was "dead asleep" and could not hear her. Investigator Turner testified that during an interview, Tal said he was asleep at the time of the incident. At the new trial hearing, trial counsel testified that he did not object to this testimony as hearsay because it confirmed that Tal was at home that evening, and counsel intended to cast doubt on

---

guarantee representation by a lawyer who is errorless or who is deemed ineffective after the fact, but one who renders reasonably effective assistance") (citation omitted).

[17] See *London v. State*, 260 Ga. App. 780, 783 (4) (580 SE2d 686) (2003).

[18] *Mealor*, supra at 279 (c).

[19] (Citation and punctuation omitted.) *Powell v. State*, 272 Ga. App. 628, 631-632 (2) (c) (612 SE2d 916) (2005); cf. *Mann v. State*, 252 Ga. App. 70, 72-73 (1) (555 SE2d 527) (2001) (trial attorney's performance deficient where, due to inexperience and not to trial strategy, attorney failed to object to opinion testimony as to victim's credibility).

[20] *Mealor*, supra; cf. *Mann*, supra at 73 (1) (second prong of *Strickland* met where only evidence linking defendant to crimes alleged was victim's out-of-court statements and victim's credibility was questionable).

the victim's version of events by showing that, awake or asleep, Tal would have heard her alleged outcry. The court was authorized to find that counsel's decision not to object to this hearsay testimony was based on reasonable trial strategy.[21]

3. Boyt's third enumeration of error complains that the trial court instructed the jury concerning prior consistent statements "when no such statements were properly in evidence." We find no reversible error.

Boyt argues convincingly in his appellate brief that the state bolstered its case by introducing through the testimony of a police investigator a considerable amount of cumulative evidence, including oral statements to the investigator by the victim and one written statement by the victim. Because no objection was made to the evidence when it was offered, however, the trial court had no opportunity at the time to rule on the propriety or impropriety of allowing these matters into the sight and hearing of the jurors. Thus, we do not know under which exception to the general rule against bolstering this evidence was admitted.

With the benefit of hindsight, all counsel involved in this case (Boyt's trial counsel, his appellate counsel, and counsel for the state) assume that this testimony was admitted under the Georgia exception to the evidentiary rule against bolstering a witness's trial testimony, which exception permits bolstering "only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross examination" of the declarant.[22] This Georgia exception, which is similar to Fed. R. Evid. 801 (d) (1) (B),[23] was described by our Supreme Court in *Woodard v. State*[24] as an exception to the general rule prohibiting hearsay.[25]

---

[21] See *Glass*, supra at 403-404 (10) (g).

[22] (Footnote omitted.) *Woodard*, supra; accord *Blackmon v. State*, 272 Ga. 858, 859 (2) (536 SE2d 148) (2000) (prior consistent statement admissible where cross-examination raised possibility of recent fabrication); cf. *Tome v. United States*, 513 U. S. 150, 167 (III) (115 SC 696, 130 LE2d 574) (1995) (under Fed. R. Evid. 801 (d) (1) (B), only prior out-of-court statements made *before* recent fabrication, improper influence, or improper motive allegedly arose are admissible to rebut the allegations); see generally 1A K. O'Malley, J. Grenig, & W. Lee, Federal Jury Practice & Instructions: Criminal §§ 15.01 (Notes, Seventh Circuit), 15.06 (Notes, Supreme Court, First, Sixth, Seventh and Ninth Circuits) (5th ed. 2000). One commentator has argued that the *Woodard* pronouncements concerning prior consistent statements were obiter dicta. P. Milich, Georgia Rules of Evidence 363 § 17.15 (2d ed. 2002).

[23] Fed. R. Evid. 801 (d) (1) (B) ("Statements which are not hearsay. A statement is not hearsay if – (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive").

[24] Supra.

[25] Id. Although a witness's prior out-of-court statements come within the common law understanding of hearsay, that is, "an out-of-court statement offered to prove the truth of the

Because no objection was made at the time the evidence was offered, we need not decide whether our Supreme Court's most recent decision on the subject, *Baugh v. State*,[26] overruled by implication prior decisions by our Court, such as *Donaldson v. State*,[27] which permit bolstering following implied or explicit attacks on a witness's general credibility.[28]

What we must decide is the propriety of the jury instruction on prior consistent statements given in the case at bar and specifically challenged by Boyt in his third enumeration of error. At Boyt's trial in April 2005, the court read to the jury verbatim a standard jury instruction[29] which, although it had been recommended in the past, was not the recommended charge at the time of trial.[30] The precise instruction given was as follows:

> Should you find that any witness has made any other statement on the witness stand consistent with another witness's testimony from the witness stand and that such prior consistent statement is material to the case and the witness's testimony then you are authorized to consider that other statement as substantive evidence.[31]

matter asserted therein" (M. Treadwell, Annual Survey of Ga. Law: Evidence, 55 Mercer L. Rev. 249, 263 (VIII) (A) (2003)), such prior consistent statements might not fall within the statutory definition of hearsay found in OCGA § 24-3-1 (a) ("Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons"). See, e.g., *Brown v. State*, 250 Ga. App. 147, 148 (1) (550 SE2d 701) (2001) ("the hearsay rule prohibits the witness from testifying as to what another person said; it does not apply to what the witness himself said") (citations omitted); *Bowers v. State*, supra (witness's own out-of-court statements are not hearsay under OCGA § 24-3-1 (a)). See generally M. Treadwell, Annual Survey of Ga. Law: Evidence, 52 Mercer L. Rev. 263, 287-288, 293-296 (2000). The Georgia statutory rule is in accord with United States Supreme Court precedent. See *Crawford v. Washington*, 541 U. S. 36, 59, n. 9 (IV) (124 SC 1354, 158 LE2d 177) (2004) (Confrontation Clause places no restraint on use of prior statements of witness who is available for cross-examination at trial).

[26] Supra at 739 (2) (erroneous admission of witness's prior consistent statement was reversible error where it appeared likely that hearsay statement contributed to guilty verdict).

[27] 244 Ga. App. 89 (534 SE2d 839) (2000).

[28] See, e.g., id. at 91 (3) (admission of victim's prior consistent statements was not error because "[t]he entry of [defendant]'s 'not guilty' plea placed the veracity of the victim and her version of events at issue") (citation omitted); see also M. Treadwell, supra, 52 Mercer L. Rev. at 296.

[29] II Council of Superior Court Judges of Ga., Ga. Suggested Pattern Jury Instructions: Criminal Cases 16 § 1.31.60 (3d ed. 2003), citing *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), and *Woodard*, supra.

[30] The pattern instruction was revised in July 2004. II Council of Superior Court Judges of Ga., Ga. Suggested Pattern Jury Instructions: Criminal Cases § 1.31.60 (2007). See infra at n. 38.

[31] The court reporter inserted helpful commas into the transcription of this charge, but no commas appear in the pattern charge read by the trial court — and, of course, no commas were seen or heard by the jury.

Even if Boyt is correct in his contention that the court erred in instructing the jury on prior consistent statements, Boyt could not have been harmed by the reading of this complex instruction on the subject, because it is impossible to understand. When jurors hear words which they do not understand, they discount or ignore those words.[32] The charge as given was incomprehensible because (among other reasons) it left the jury guessing as to which witness's statement had to be material to which. Further, it focused exclusively on statements made from the witness stand, although the authorities cited in support of the instruction, *Cuzzort*[33] and *Woodard*,[34] concern statements made out of court but repeated on the witness stand.

Some of the problems of style and substance in this instruction were corrected in July 2004, when the Council of Superior Court Judges issued the following pattern jury charge:

> Should you find that any witness has made a statement prior to trial of this case that is consistent with that witness's testimony from the witness stand and such prior consistent statement is material to the case and the witness's testimony, then you are authorized to consider the other statement as substantive evidence.[35]

Nevertheless, this revised pattern charge suffers from some of the same flaws as the older version which was given in the case at bar. One flaw is that, for both versions, a cautionary note is given: *"Note: Do not give this charge unless witness credibility is attacked at trial."* This note does not seem to reflect the teaching of *Baugh*[36] and of the United States Supreme Court in *Tome*[37] that the bolstering evidence is to be admitted (either as an exception to the Georgia hearsay rule or after being defined as "not hearsay" under the federal rule[38]) *if and only if* the witness's credibility is attacked in certain specified and narrowly defined ways. Thus, the important decision for a trial judge is not whether the jury charge should be read but whether the evidence should be admitted in the first place.

Another flaw is that no instruction seems necessary at all because the pattern jury charge, as revised, is a truism. A jury may

---

[32] See generally, e.g., C. Mikell, Jury Instructions and Proximate Cause: An Uncertain Trumpet in Georgia, 27 Ga. St. Bar J. 60, 64 (1990) ("A trial judge who reads a jury this instruction might just as well read a poem in Mandarin Chinese") (footnote omitted).

[33] Supra.

[34] Supra at 318 (2).

[35] Ga. Suggested Pattern Jury Instructions: Criminal Cases § 1.31.60, supra.

[36] Supra.

[37] Supra.

[38] Fed. R. Evid. 801 (d), supra.

consider *all* the words it hears as substantive evidence, unless the trial court tells it to disregard those words or unless the trial court at the moment the words are uttered cautions the jury that the testimony is admitted only for a limited purpose, such as impeachment. A jury charge on prior *in*consistent statements is needed because, in traditional Georgia trial practice, a limiting instruction would be given at the moment the testimony was elicited.[39] A jury charge on prior inconsistent statements is thus required to undo, so to speak, the limiting instruction and to allow the jury to consider the prior inconsistent statement for whatever weight and purpose it wishes. In contrast, traditionally no limiting instruction is given when prior consistent statements are allowed to bolster, or rather per *Baugh*[40] and *Tome*,[41] to rehabilitate, a witness. Thus, after a jury has heard prior consistent statements, there are no limiting instructions to undo, so no jury charge on the topic is needed.

Our research has revealed no Georgia or federal decision which holds that a trial judge committed reversible error by failing to give a jury instruction on prior *consistent* statements.[42] Further, such an instruction is not encouraged, at least in federal practice. In the official comments to the federal pattern criminal jury instruction on prior consistent statements,[43] the Subcommittee on Pattern Jury Instructions "recommends that this instruction not be routinely given and that the subject generally be left to argument of counsel."[44]

---

[39] See, e.g., *Colbert v. State*, 124 Ga. App. 283, 285 (2) (183 SE2d 476) (1971) (where defendant's otherwise inadmissible prior inconsistent statement is offered for purposes of impeachment, failure to give limiting instruction (even if unrequested) is reversible error).

[40] Supra.

[41] Supra.

[42] Cf. *Camphor v. State*, 272 Ga. 408, 413 (6) (b) (529 SE2d 121) (2000) (failure to give an unrequested charge on prior consistent statements was not reversible error); accord *Tucker v. State*, 282 Ga. App. 807, 809 (1) (640 SE2d 310) (2006). But cf. *State v. Borkar*, 173 N.C. App. 162, 170 (II) (B) (617 SE2d 341) (2005) (reversible error for trial court to fail to give requested instruction limiting prior consistent statement to purpose for which it was competent, that is, corroboration).

[43] Federal Judicial Center, Pattern Criminal Jury Instructions 34 (1987) ("Use of Witness's Prior Consistent Statements. [Witness A] testified in the (government's) (defense) case during the trial. You will recall that it was brought out that before this trial he made statements which were the same as, or similar to, what he said in the courtroom. These earlier statements were brought to your attention to help you decide whether you believe [Witness A]'s testimony. If [Witness A] said essentially the same thing on more than one occasion it may be reason for you to believe [Witness A]'s testimony"). These pattern instructions appear in the 1987 Report of the Subcommittee on Pattern Jury Instructions, Committee on the Operation of the Jury System, Judicial Conference of the United States, which incorporated instructions and appendices from the 1982 Report of the Federal Judicial Center Committee to Study Criminal Jury Instructions. Even though it appears that these pattern instructions have not been revised or updated since 1987, they are still cited as authoritative. See, e.g., *Dixon v. United States*, 548 U. S. 1 (126 SC 2437, 2452, 165 LE2d 299) (2006) (Breyer, J., dissenting).

[44] Id., Commentary.

In its official comments, the Committee on Pattern Jury Instructions (First Circuit) questioned the necessity for *any* jury instruction concerning prior statements (inconsistent or consistent) that are admitted substantively under Fed. R. Evid. 801 (d) (1): "Once a prior statement is admitted substantively as non-hearsay under Rule 801 (d) (1), it is actual evidence and may be used for whatever purpose the jury wishes. *No instruction seems necessary in that event*, but one *may* refer to Federal Judicial Center Instructions 33 and 34."[45]

Moreover, when a judge recites the truism that a jury may consider certain admitted evidence to be indeed evidence, the judge runs the risk of committing a cardinal sin under Georgia law: commenting on the evidence.[46] The pattern charge on prior consistent statements suggested by the Federal Judicial Center might run afoul of that Georgia stricture.[47]

The better practice would be to give no charge at all on prior consistent statements and leave that matter to the arguments of counsel. In the case at bar, however, the actual instruction given was unintelligible. Hence, if it was error at all, it was harmless error to allow the jury to hear those meaningless words.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

## DECIDED JULY 10, 2007.

*James P. Theodocion*, for appellant.

---

[45] (Emphasis supplied.) First Circuit Pattern Jury Instructions: Criminal Cases 2.02 (Comment) (1998) (prepared by the Committee on Pattern Criminal Jury Instructions First Circuit). As noted above, Federal Judicial Center Instruction 34 recommends against routinely instructing the jury on this subject. See generally J. Duane, The Virginia Presumption of Fraudulent Intent in Bad Check Cases, 31 VBA News Journal No. 3, n. 43 (June/July 2005) (commentaries accompanying several federal pattern jury instructions recommend against their routine use, instead recommending that the matters covered be handled by argument of counsel).

[46] OCGA § 17-8-57 ("It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused"); *Moody v. State*, 114 Ga. 449, 450 (2) (40 SE 242) (1901) (because weight to be given evidence is within sole province of jury, charge directing jury to "give weight" to evidence tending to show defendant's guilt was reversible error); accord *Watson v. State*, 227 Ga. 698, 701 (2) (182 SE2d 446) (1971) (court did not err in *not* giving jury charge as to weight to accord evidence; giving such a charge would constitute reversible error as invasion of jury's domain). See generally *Brodes v. State*, 279 Ga. 435, 442 (614 SE2d 766) (2005) (harmful error to include "level of certainty" portion of charge on reliability of eyewitness identification), and the Supreme Court's discussion therein of decisions of other jurisdictions holding that such a charge is either superfluous or "an impermissible judicial comment on the evidence." Id. at 439, n. 6.

[47] Federal Pattern Criminal Jury Instruction No. 34, supra.

Scott L. Ballard, District Attorney, Robert H. English, Assistant District Attorney, Josh W. Thacker, for appellee.