A07A1588. HOLDEN v. THE STATE.
(651 SE2d 552)

JOHNSON, Presiding Judge.

A Gwinnett County jury found Lonnie Scott Holden guilty of kidnapping. On appeal, Holden contends that the evidence was insufficient to support his conviction. He also claims that the trial court erroneously charged the jury on a witness's prior consistent statements and erred in failing to charge the jury on the law of

circumstantial evidence. He further contends that he received ineffective assistance of trial counsel. We disagree and affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows that Holden and the victim shared an apartment in Atlanta. They had a history of conflict, both verbal and physical. Holden pushed or hit the victim on a few occasions, and the victim stabbed Holden during one altercation.

On September 27, 2004, the victim reported to her job at a Taco Bell restaurant in Gwinnett County. Holden began telephoning the restaurant and asking to speak with the victim, but the manager told him that the victim was busy. Holden drove to the restaurant, and the victim went outside to talk with him. Less than five minutes later she ran inside, looking frightened, and proceeded to the back of the restaurant where she stood behind a freezer. Holden came inside, and in a loud, angry voice began to repeatedly tell the victim to "get out here right now" and "come out, come out." Two of Holden's friends came in the restaurant and tried to convince him to leave without the victim.

Holden jumped over the counter and went to the back of the restaurant, where he pulled and pushed the victim, then grabbed her and carried her across the floor, out the door, and into his car. As Holden was carrying the victim out the door, she screamed to a co-worker to "call[ ] the police." The manager then called 911.

A Gwinnett County police detective responded to the 911 call. The victim called the restaurant, and the detective spoke with her. During the conversation, the detective could hear a male voice yelling in the background, and the victim only gave one or two word responses to his questions. The detective asked the victim to pass the telephone to her boyfriend, and she gave the phone to Holden. The detective asked Holden to bring the victim back to the scene so that he could see that she was okay. Eventually, Holden agreed to meet with police at his apartment.

When the detective arrived at the apartment he took the victim to his car, and they spoke about the incident. According to the victim, she had managed to lock Holden out of their apartment, and Holden wanted her to leave work to let him in. She told the detective that while she initially refused to leave, she agreed to go with Holden after he jumped over the counter, and that Holden did not touch her. The victim also sent a facsimile to police before trial stating that she loved Holden and wanted to go with him that evening. The victim testified at trial consistently with her prior statements exculpating Holden,

---

[1] See *Harris v. State*, 283 Ga. App. 374, 374-375 (641 SE2d 619) (2007).

stating that she left with Holden on her own accord, and that "I was not grabbed in any way."

1. Holden claims that the evidence was insufficient to support his kidnapping conviction because the circumstantial evidence does not exclude every reasonable hypothesis but his guilt in light of the victim's testimony that she was not abducted. We disagree.

In order to warrant a conviction based on circumstantial evidence, the proved facts must "exclude every other reasonable hypothesis save that of the guilt of the accused."[2] The evidence against Holden was largely based on the eyewitness testimony of the victim's co-workers. Witness testimony showed that Holden pushed, pulled, and then carried the victim out of the restaurant as she yelled for a co-worker to call the police. Holden maintains that these events, even if directly witnessed, only showed by inference that the victim was abducted and held "against [her] will,"[3] and thus was only circumstantial as to that element of the crime.

We disagree that the eyewitness testimony was circumstantial as to whether the victim was taken against her will. As defined by statute, "direct evidence" is "evidence which *immediately points to the question at issue*."[4] "Circumstantial evidence" is "evidence which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed."[5] The evidence that the victim yelled for a co-worker to call the police as Holden carried her out the door is consistent only with the conclusion that she did not go with him willingly.[6] It "immediately points to" that issue, and is therefore direct and not circumstantial evidence. Even if we agreed with Holden that the State's evidence could be characterized as circumstantial, this evidence, if accepted by the trier of fact, excluded every reasonable hypothesis but that the victim did not go with Holden willingly.[7] We conclude that any rational trier of fact could have found Holden guilty of kidnapping beyond a reasonable doubt.[8]

2. Holden contends that the trial court erred in charging the jury as to a witness's prior consistent statements because the charge was

---

[2] OCGA § 24-4-6.

[3] OCGA § 16-5-40 (a).

[4] OCGA § 24-1-1 (3).

[5] OCGA § 24-1-1 (4).

[6] See *Stubbs v. State*, 265 Ga. 883, 885 (2) (463 SE2d 686) (1995) ("[d]irect evidence is that which is consistent with *either* the proposed conclusion *or* its opposite; circumstantial evidence is that which is consistent with *both* the proposed conclusion *and* its opposite").

[7] See, e.g., *Lindo v. State*, 278 Ga. App. 228, 234-235 (3) (628 SE2d 665) (2006) (jury could conclude through circumstantial evidence that the defendant maliciously caused child's injuries notwithstanding that the only eyewitness, the defendant, testified to the contrary).

[8] See *Strozier v. State*, 156 Ga. App. 241, 242 (274 SE2d 633) (1980) (evidence other than the victim's testimony can show the victim was abducted and held against her will).

not the then current and revised suggested pattern jury charge. The issue is waived for purposes of appeal because Holden failed to either object to the jury charge or to reserve the right to object when the trial court specifically asked for exceptions to the charge as given.[9]

3. Holden further claims that the trial court erred in failing to charge the jury on OCGA § 24-4-6: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Notwithstanding his failure to request this charge or to object to the jury instructions, Holden contends that the trial court's failure to give the charge was harmful as a matter of law.[10] We disagree. "[W]hen the State's case includes both direct and circumstantial evidence, a defendant is not relieved from the necessity of requesting the charge and, in the absence of such a request, it is not error to fail to give it."[11] It follows that because the State presented direct evidence of the crime, the trial court did not err in failing to charge the jury on OCGA § 24-4-6.[12]

4. Holden further contends that he received ineffective assistance of trial counsel. In order to establish a claim of ineffective assistance, Holden must show that his trial counsel's performance was deficient and the deficiency prejudiced his defense.[13] Holden argues that his trial counsel was deficient in failing to request a jury charge on circumstantial evidence, in failing to request the then current recommended pattern charge on prior consistent statements, and in failing to reserve exceptions to the trial court's jury charge, and that his trial counsel's deficient performance prejudiced his case.

> [W]hen a defendant raises an ineffectiveness claim based on counsel's failure to except to certain jury charges or to preserve the right to do so on appeal, the defendant must show that the charges in question were erroneous and that, if proper charges had been given, there is a reasonable probability that the result of the trial would have been different.[14]

---

[9] See *Rivers v. State*, 250 Ga. 303, 309 (7) (298 SE2d 1) (1982).

[10] See OCGA § 5-5-24 (c); *Clifford v. State*, 266 Ga. 620, 621 (2) (469 SE2d 155) (1996) (appellate court may review an erroneous charge, even without exception, where there has been substantial error in the charge which was harmful as a matter of law).

[11] *Yarn v. State*, 265 Ga. 787 (1) (462 SE2d 359) (1995).

[12] *Hill v. State*, 276 Ga. 220, 221 (2) (576 SE2d 886) (2003).

[13] *Peavy v. State*, 262 Ga. 782 (2) (425 SE2d 654) (1993).

[14] Id. at 783.

(a) Holden contends that his trial counsel was deficient in failing to request a charge on circumstantial evidence based on OCGA § 24-4-6. Pretermitting whether Holden's trial counsel was deficient in failing to request the charge,[15] Holden cannot show that he was prejudiced by his counsel's failure. The trial court's instructions correctly apprised the jury as to the State's burden of proof, the defendant's presumption of innocence, reasonable doubt, and the credibility of witnesses, among other things. The evidence rested largely on the testimony of the eyewitnesses to the event — the victim and her co-workers. Trial counsel argued to the jury that they should believe the victim and attacked the credibility of the co-workers. Based on the charge as a whole and the evidence, we conclude that there is no reasonable likelihood that had the circumstantial evidence charge been given to the jury the outcome of the trial would have differed.[16]

(b) Holden also claims that his trial counsel was ineffective for failing to ensure that the trial court correctly charged the jury on prior consistent statements. The trial court instructed the jury:

> Should you find that any witness has made any other statement on the witness stand consistent with another witness's testimony from the witness stand and that such prior consistent statement is material to the case and the witness's testimony, then you are authorized to consider that other statement as substantive evidence.

The recommended pattern jury instruction on prior consistent statements at the time of Holden's March 2005 trial was as follows:

> Should you find that any witness has made a statement prior to trial of this case that is consistent with that witness's testimony from the witness stand and such prior consistent statement is material to the case and the witness's testimony, then you are authorized to consider the other statement as substantive evidence.[17]

---

[15] Compare *Guillen v. State*, 275 Ga. App. 316, 319 (2) (620 SE2d 518) (2005) (trial counsel not deficient in failing to request charge based on OCGA § 24-4-6 where there was direct evidence of the crime).

[16] See, e.g., *Godfrey v. State*, 274 Ga. App. 237, 240 (1) (b) (617 SE2d 213) (2005) (defendant not prejudiced by his trial counsel's failure to request instruction in light of charges actually given and the evidence).

[17] Counsel of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 16, § 1.31.60 (3rd ed.) (Rev. 7/04).

Trial counsel testified at the hearing on motion for new trial that he was not aware that the instruction given by the trial court was not the updated charge and that he had no strategic or tactical reason not to ensure that the trial court gave the updated charge.

In the recent case of *Boyt v. State*,[18] we considered the exact charge given to the jury by the trial court in this case. We found that the instruction, in the context of the defendant's claim that the trial court erred in giving it, was unintelligible and therefore harmless.[19] We further concluded that there were flaws in the updated pattern jury instruction on prior consistent statements that Holden argues should have been requested by his trial counsel here, and that the better practice is for a trial court not to charge on prior consistent statements.[20] In view of *Boyt*, we cannot conclude that Holden was prejudiced by his trial counsel's failure to request that the trial court give the then current charge on prior consistent statements. The victim's previous statements consistent with her trial testimony that she had not been abducted were admitted into evidence and then argued to the jury at length by counsel. There was no need for the jury to be told that it "may consider certain admitted evidence to be indeed evidence."[21]

(c) In view of the foregoing, Holden's failure to preserve objections to the trial court's jury instructions did not prejudice his defense. The trial court did not err in concluding that Holden did not receive ineffective assistance of counsel.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 10, 2007 — ▮

*Lenzer & Lenzer, Robert W. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, William C. Akins, Assistant District Attorney*, for appellee.

---

[18] 286 Ga. App. 460, 464 (3) (649 SE2d 589) (2007).

[19] The jury charge at issue here and in *Boyt* was a previously recommended standard jury instruction but not the recommended charge at the time of trial. Id.

[20] Id. at 468 (3).

[21] Id.