### A09A1830. VAUGHN v. THE STATE.

(687 SE2d 651)

BERNES, Judge.

A Henry County jury convicted Bobby Lee Vaughn of child molestation and aggravated sexual battery. On appeal, Vaughn contends that there was insufficient evidence to convict him of the charged offenses. We disagree and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and [Vaughn] no longer enjoys the presumption of innocence. We neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain that the evidence is suffi-cient to prove each element of the crime beyond a reason-able doubt. Moreover, conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.

(Citation omitted.) *Vadde v. State*, 296 Ga. App. 405 (674 SE2d 323) (2009). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence showed that the victim lived with her father in Henry County. Vaughn, a close friend of the victim's father, often spent the night at the home. In June 2002, Vaughn entered the bedroom where the victim was sleeping, placed his hand beneath her pajama bottoms, and inserted his finger into her vagina. As the victim awoke and became aware of what Vaughn was doing to her, Vaughn stopped and exited the bedroom. The victim was 12 years old at the time. The same sequence of events, that of Vaughn coming into the bedroom while the victim was sleeping and digitally penetrating her genital area, occurred several more times after the initial incident.

The victim disclosed to her cousin and several of her school friends that Vaughn had sexually abused her. After one of her friends contacted the police, a detective interviewed the victim, who again disclosed what had happened. Following the victim's disclosures, Vaughn was arrested and indicted on charges of child molestation

and aggravated sexual battery.

At trial, the victim testified to the events as set out above. Her cousin, two of her school friends, and the interviewing detective testified about what the victim had disclosed to them. In contrast, Vaughn took the stand and denied having committed the alleged offenses. After hearing the conflicting testimony, the jury convicted Vaughn on both counts.

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a) (2002). "A person commits the offense of aggravated sexual battery when he intentionally penetrates with a foreign object the sexual organ . . . of another person without the consent of that person." OCGA § 16-6-22.2 (b) (2002). The indictment averred that Vaughn committed child molestation by touching the victim's genital area with the intent to arouse and satisfy his sexual desires, and committed aggravated sexual battery by intentionally penetrating the victim's sexual organ with his finger without her consent.

The evidence adduced at trial was sufficient to enable any rational trier of fact to find Vaughn guilty beyond a reasonable doubt of the offenses as charged in the indictment. *Jackson*, 443 U. S. 307. The victim's testimony, standing alone, was sufficient to prove the charged crimes. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact.").[1] Moreover, the testimony of the victim's cousin, her two school friends, and the interviewing detective concerning what the victim told them was admissible as substantive evidence under the Child Hearsay Statute, OCGA § 24-3-16.[2] See, e.g., *Metts v. State*, 297 Ga. App. 330, 332 (1) (a) (677 SE2d 377) (2009). Finally, the jury was not obligated to credit Vaughn's testimony. "It is the jury's prerogative to choose what evidence to believe and what to reject. Issues regarding the credibility of witnesses are in the sole province of the jury and only the jury may analyze what weight will be given each witness's testimony." (Punctuation and footnote omitted.) *Lamb v. State*, 293

---

[1] Contrary to Vaughn's suggestion, Georgia law does not require corroboration of a victim's testimony to prove child molestation or aggravated sexual battery. See *Boyt v. State*, 286 Ga. App. 460, 461 (1) (649 SE2d 589) (2007); *Burrage v. State*, 234 Ga. App. 814, 815 (508 SE2d 190) (1998).

[2] OCGA § 24-3-16 provides:

A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another . . . is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

Ga. App. 65, 67 (666 SE2d 462) (2008). It follows that there was sufficient evidence to support Vaughn's convictions. See, e.g., *Lamb*, 293 Ga. App. at 66-67; *Boyt v. State*, 286 Ga. App. 460, 460-461 (1) (649 SE2d 589) (2007); *Burrage v. State*, 234 Ga. App. 814, 814-815 (508 SE2d 190) (1998); *Burke v. State*, 208 Ga. App. 446, 446-447 (1) (430 SE2d 816) (1993).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 2, 2009.

*Joseph S. Key*, for appellant.

*Tommy K. Floyd, District Attorney, Alicia C. Gant, Assistant District Attorney*, for appellee.